GEORGE W. TAYLOR *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    November 15, 1904. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Employer's liability. *Railroad.*

A brakeman in a freight yard, injured at two o'clock in the morning by having his left arm caught between two cars when in the usual course of his employment attempting to uncouple one of the cars from the other, may be found not to have assumed the risk of such an injury, if there is evidence that the cars came together because one of them was defective, the bumper, draw bar and end sills being gone from it, and that the plaintiff did not know of the defective condition of the car, that when there were broken cars to be handled the conductor told the men, although he did not inform them particularly as to the nature of the damage, and that the conductor did not tell the brakeman that this car was damaged.

R. L. c. 111, § 203, forbidding a railroad corporation to haul a car not equipped with automatic couplers "in moving traffic" between points in this Commonwealth, and § 209 of the same chapter, providing that an employee of a railroad corporation injured by any car used contrary to this provision shall not be considered to have assumed the risk of such injury, although he continues in the employment of such corporation after the unlawful use of such car has been brought to his knowledge, do not apply to a car being moved to a repair shop to be repaired.

MORTON, J. The plaintiff was tail-end brakeman on the night shifting crew in the defendant's freight yard at Somerville, and was injured by having his right arm caught between two cars which came together while he was trying to cut off one of them from the rear of the train. The bumper, draw bar and end sills were gone from the car, which allowed it and the next car to come together. This action was brought for the injuries thus received. At the close of the evidence the judge, at the defendant's request, directed a verdict for the defendant, and the case is here on exceptions by the plaintiff to this ruling.

We think that the ruling was wrong and that the exceptions should be sustained. It is not contended that the car was not in a defective condition. It had been examined by an inspector who had ordered it to be sent to the repair shop at Charlestown. It was taken from there to be sent to the repair shop at Fitchburg, and at the time of the accident was in the freight yard at

Somerville.  The accident occurred at about two o'clock in the morning.  The plaintiff testified that he did not know that the car was defective; " that while he was cutting off the car he saw the signal given for the engineer to go back, and he put his right hand in and caught hold of the ladder; threw his foot on to the step and was going to pull the pin (coupling-pin) with his left hand; that he caught hold of the ladder at the end of the damaged car to cut it off; that he had just barely time to get his hand in between them; that there was nothing to prevent the two cars coming together; that he had his arm between them"; meaning evidently that it was between them when they came together.  Subsequently he explained, in answer to questions by his counsel, why he was going to pull the coupling-pin with his left hand, and according to the explanation thus given his position was one of less danger than it would have been if he had attempted to pull it with his right hand.  Apparently the position assumed was adopted from general considerations of safety and not because he knew of the defective condition of the car and was endeavoring to guard against injury from that.  At least we cannot say that the jury would not have been warranted in so finding, notwithstanding that they would also have been warranted in finding that the cars were hitched together with a " chain hitch," as it is termed, which the plaintiff assisted in making, and that he admitted that he knew that it was dangerous to attempt to uncouple cars so hitched together, in which case the defendant would have been entitled to their verdict.  The defendant contends that the plaintiff assumed the risk.  And if, with full knowledge of its defective condition, the plaintiff attempted to uncouple the car, or if in the usual course of his employment it was his duty to work on damaged cars without any other notice or warning of their condition than such as might be obtained from the cards which the testimony tended to show had been placed on the car in question, then in either case he would be held as matter of law to have assumed the risk.  But as already observed he testified that he did not know of the defective condition of the car.  He also testified that he did not see the brake, meaning that on the damaged car, till the Saturday after he was hurt, when he went down and looked at it.  There also was testimony tending to show that when there

were broken cars to be handled the conductor told the men, though he did not inform them particularly as to the nature of the damage. The plaintiff testified that the conductor did not tell him that the car was a damaged, or " shop car," as damaged cars were called. In view of this testimony it could not be ruled as matter of law that the plaintiff assumed the risk or was guilty of contributory negligence. It was for the jury to say, taking all the circumstances into account, whether he was testifying truly or not and what the facts were.

The plaintiff further contends in regard to assumption of the risk that the case is governed by R. L. c. 111, §§ 203, 209, which provide that " in moving traffic " between places in this Commonwealth a railroad corporation shall not haul or permit to be hauled or used on any of its lines a car which is not equipped with couplers coupling automatically by impact, and that an employee who is injured by any locomotive, car or train used contrary to these provisions shall not be deemed to have assumed the risk of such injury. But we deem it enough to say that the uncontradicted testimony shows that the damaged car was not being used " in moving traffic " but was being taken to a repair shop to be repaired. The case does not, therefore, come within the statute.

The conductor testified, amongst other things, that the car was not to be cut off and that he gave the plaintiff no orders to uncouple it. But there was testimony that the yard master in the plaintiff's hearing had ordered it to be placed on another track, and from this and other evidence the jury would have been warranted in finding that the plaintiff was acting in the usual course of his employment in attempting to uncouple the car.

*Exceptions sustained.*

*J. J. Shaughnessy*, for the plaintiff.
*F. N. Wier*, for the defendant.