# WILLIAM DUMPHY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   September 30, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.   *Railroad.   Practice, Civil,* Exceptions.   *Statute.*

An experienced freight brakeman who goes between two cars of a freight train which has come gradually to a stop upon a slightly rising grade, knowing that the drawbars connecting the cars are equipped with recoil springs, that the slack has not yet run back and that when it does the deadwoods of the cars will be brought together forcibly, and, being about to pull out the pin in the drawbar, takes the precaution to see that his body does not get between the deadwoods but allows his arm to get into that position and is injured by the slack coming back and crushing his arm, is not in the exercise of due care, even if he does not assume the risk of such an accident.

*It may be doubted* whether R. L. c. 111, § 203, forbidding a railroad corporation to haul a car not equipped with automatic couplers "in moving traffic between points in this Commonwealth," applies to cars being switched in and about a freight yard for the purpose of delivery to their different consignees.

*It may be doubted* whether R. L. c. 111, § 203, forbidding a railroad corporation to haul a car not equipped with automatic couplers in moving traffic between points in this Commonwealth, applies to a car belonging to another railroad corporation which has been equipped as required by the statute, but whose coupler, intended to be automatic, is broken and does not work, and which is received and started for delivery without knowledge or notice of the defect on the part of the railroad corporation whose liability is in question.

R. L. c. 111, § 203, forbidding a railroad corporation to haul a car not equipped with automatic couplers in moving traffic between points in this Commonwealth, and § 209 of the same chapter, providing that an employee of a railroad corporation injured by any car used contrary to this provision shall not be considered to have assumed the risk of such injury, although he continues in the employment of such corporation after the unlawful use of the car has been brought to his knowledge, do not give a remedy to a brakeman who goes between two freight cars, whose uncoupling apparatus is broken or defective, to pull out the pin in the drawbar and gets his arm crushed between the deadwoods of the cars, if he is negligent not only in continuing to work upon this car after he has learned of the broken and defective condition of its uncoupling apparatus but also in failing to guard against the known danger while he is thus at work.

In an action against a railroad corporation for personal injuries incurred while employed by the defendant as a freight brakeman, where a verdict was ordered for the defendant, the admission in evidence by the presiding judge of a rule of the defendant relating to passenger brakemen, even if erroneous, gives the plaintiff no ground for exception if the final ruling of the judge and his ordering of the verdict must have been the same in case this evidence had been excluded.

TORT for personal injuries incurred while the plaintiff was employed by the defendant as a freight brakeman from having his arm caught between two freight cars when he was uncoupling them upon a side track near Hammond Street in Worcester adjoining the coal pockets of the Donohue Coal Company on December 23, 1904.    Writ dated January 18, 1905.

In the Superior Court the case was tried before *Wait,* J., who, at the close of the plaintiff's evidence, ruled that there was not sufficient evidence to warrant a finding for the plaintiff, and ordered a verdict for the defendant. The plaintiff alleged exceptions to this ruling and order and also to the admission in evidence of the defendant's rule No. 1029 in regard to passenger brakemen.

*M. Taylor,* for the plaintiff.

*J. L. Hall,* for the defendant.

SHELDON, J.    If we assume that there was evidence on which the jury might have found that the defendant itself was negligent, or that there was negligence on the part of its servants for which the defendant might have been held liable either at common law or under our statutes, we yet are of opinion that the judge at the trial acted rightly in ordering a verdict for the defendant. The plaintiff was an experienced man. He knew that the train had come gradually to a stop upon a slightly rising grade; he knew that the drawbars which connected the cars were equipped with recoil springs, and that upon every stop there must be more or less movement of each car forward or back, amounting to some eight or ten inches, this movement being known as slack. Knowing also that this slack had not yet run back, that it naturally would tend to run back, and that under the circumstances of the gradual stop which had been made the effect of the slack running back would be to bring the deadwoods of the cars forcibly together, he went between the cars for the purpose of separating them by pulling out the block or pin in the drawbar; the slack came back, and his arm, which was between the deadwoods, was caught and crushed, causing the injury complained of. He gave no notice either to the conductor or the engineer of the train before going between the cars; and although he seems to have appreciated the danger of getting caught between the deadwoods upon the slack's running

out, he took no other precaution than to see that his body did not get between the deadwoods, but did allow his arm to get into that position. He knew and appreciated the danger, and did not guard against it; and the very injury against which he failed to guard happened to his arm. Nor can his contention that he had a right to expect the engineer to hold the train so as to obviate any danger from the slack until the plaintiff himself should give a signal to the contrary, be sustained on the evidence. Under these circumstances, it is impossible to say that he was in the exercise of due care, even if he did not assume the risk of the accident which happened. *Ellsbury* v. *New York, New Haven, & Hartford Railroad*, 172 Mass. 130.

But the plaintiff's counsel contends that these circumstances are not conclusive against his right to recover, because it is provided in our statute that " a railroad corporation in moving traffic between points in this Commonwealth . . . shall not haul or permit to be hauled or used on its lines any car which is not equipped with couplers coupling automatically by impact, and which can be uncoupled in some other way than by men going between the ends of the cars," and that " an employee of a railroad corporation who is injured by any locomotive, car or train which is used contrary to the provisions " of the foregoing and other sections " shall not be considered to have assumed the risk of such injury, although he continues in the employment of such corporation after the unlawful use of such locomotive, car or train has been brought to his knowledge." R. L. c. 111, §§ 203, 209, now contained in St. 1906, c. 463, Part II. §§ 161, 167. But if we assume that these cars, which were being switched to different places in and about the defendant's yard for the purpose of delivery to their different consignees, were being used in moving traffic between points in this Commonwealth within the meaning of the statute, (see *Taylor* v. *Boston & Maine Railroad*, 188 Mass. 390,) yet this car appears to have been equipped as required by the statute. But either the lever by means of which the coupler was intended to be lifted without a necessity of going between the cars or the bracket upon which this lever moved was found to be broken or so unfastened or loosened as not to work properly. The car was either a " Central New Jersey " or a " New York and Lake Erie " car, and had brought coal through from

another State.   When or how the lever or bracket had been broken or injured did not appear at all.   The defendant was not shown to have been at fault in receiving the car, or in starting to deliver it to its consignee.   It is at least difficult to say that the case came within the statutes cited.   If it did so come, yet the plaintiff's injury appears to have been due to his own lack of care after he had seen the exact situation; and we need not consider how far the jury might have gone in finding such negligence of the defendant's servants as would otherwise have made it responsible.   The plaintiff's negligence was not merely in continuing work upon this car after he had learned of the broken and defective condition of its uncoupling apparatus; it was in his failure to guard against the known danger while he was so at work.   *Hissong* v. *Richmond & Danville Railroad,* 91 Ala. 514. *Louisville & Nashville Railroad* v. *Orr,* 91 Ala. 548.

We need not consider the plaintiff's exception to the admission of rule No. 1029, one of the rules for passenger brakemen. The final ruling of the judge must have been the same if this rule had not been put in evidence; and accordingly the plaintiff was not aggrieved by its admission.   *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290, 293.

*Exceptions overruled.*