Putermann v. Simon.

---

PUTERMANN, Respondent, v. SIMON et al.,
Appellants.

St. Louis Court of Appeals, December 3, 1907.

ANIMALS: Municipal Ordinance: Vicious Animal. A municipal ordinance provided that any person who should leave a horse standing in a public place without being fastened to prevent his running away, should be deemed guilty of misdemeanor. Plaintiff sued the owner of a horse, setting forth in his petition the ordinance and allegation that plaintiff was bitten by the horse which the defendant negligently left unhitched, by reason whereof the plaintiff was damaged. The petition did not state a cause of action; plaintiff sued for tort which could not grow out of a violation of the ordinance.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster*, Judge.

REVERSED AND REMANDED (*with directions*).

*Henry H. Furth* for appellants.

The owner or keeper of domestic animals, not naturally inclined to commit mischief is not liable for injuries by such animal to another, if the animal be not trespassing in the place when the mischief was done, unless it is affirmatively shown not only that the animal was vicious, but that the owner or keeper had knowledge or notice of the fact. 2 Cyc. 386; 2 A. & E.

Enc. (2 Ed.), 364; 2 Shearman & Redfield on Negligence (5 Ed.), sec. 628, p. 1097; sec. 629, p. 1099; Bishop, Non-Contract Law, sec. 1225, p. 583; Cooley on Torts (2 Ed.), p. 583; Beckett v. Beckett, 48 Mo. 396; Hale v. Van Dever, 67 Mo. 732; Bell v. Leslie, 74 Mo. App. 661; Staetter v. McArthur, 33 Mo. App. 221; Short v. Bohle, 64 Mo. App. 242; Reed v. Southern Ex. Co., 95 Ga. 108.

*Ben F. Reinberger* for respondent.

The petition in the action charges but one act of negligence against the defendant, the violation of the ordinance, section 1473 of article 3 of the Municipal Code of the city of St. Louis, whereby respondent was injured by being bitten by defendant's horse. The instructions which were given by the court, failed to give to the jury the cause of action as alleged in the petition. Instructions containing propositions of law correct in the abstract, but not applicable to the case, are properly refused. Haferman v. Valentine, 21 Mo. 446; Fairgreen v. City of Moberly, 29 Mo. App. 114. Instructions should fairly submit the issues presented by the pleadings and evidence. Wilmot v. Railroad, 106 Mo. 535; Bank v. Armstrong, 62 Mo. 59.

GOODE, J.—This is an action instituted to recover damages for a personal injury alleged to have been inflicted on the plaintiff, a minor, who sues by his next friend. Plaintiff was bitten by a horse belonging to the defendants and demanded $500 damages for the injury. The action was originally instituted before a justice of the peace and went by appeal to the circuit court. The statement or petition, alleges that while plaintiff was lawfully walking along a sidewalk in the city of St. Louis, "defendants' horse, which was carelessly and negligently allowed to pass on said sidewalk, unhitched and unguarded (Ord. 1473, V. & L.), the said

horse acting in a vicious manner, sprang at plaintiff, biting him in a severe manner in the cheek, head and arm, whereby he was torn, mangled, injured and disfigured and continued to remain in great pain and anguish in the hospital of the space of three months." The trial in the circuit court resulted in a verdict for the defendants, which was set aside on motion of plaintiff and a new trial granted. In the order granting a new trial the court held that it committed error in giving a certain instruction, which is as follows:

"The court instructs you that the mere fact of defendants' horse having injured plaintiff (if you find such to be the fact) would not entitle him to recover in this case. The burden is on him to prove by a preponderance of the evidence, not only that he was injured by defendants' horse, but that said horse was of a vicious nature, and that the defendants, or either of them, had knowledge or notice, or by the exercise of ordinary care, might have known, of the vicious nature of said horse, and unless you find all three of the above propositions to be facts, your verdict must be for the defendants."

The supposed error in the instruction is that it contains no reference to the municipal ordinance on which the petition declares, to-wit: section 1473 of article 3, of the Municipal Code of the city of St. Louis. Said ordinance provides, among other matters, that any person who shall leave a horse standing in a public place without being fastened or so guarded as to prevent its running away, shall be deemed guilty of a misdemeanor. No doubt it would have been erroneous for the court to give the instruction in question, which lost sight of the negligence alleged in the petition, if the petition had stated a cause of action. Plaintiff's counsel insists that the only cause of action attempted to be stated was negligence in violating the municipal ordinance,

But it is patent that said ordinance was enacted to prevent injury and damage from being done by unhitched or unguarded horses running away; not to prevent them from biting people. Plaintiff sued for a tort which could not grow out of a violation of the ordinance, inasmuch as the injury done was not within the scope of the mischief the ordinance was intended to prevent. The verdict and judgment were for the right party, and the order sustaining the motion for new trial will be reversed and the cause remanded, with a direction to set aside the order and enter judgment on the verdict as originally rendered in favor of the defendants. It is so ordered. All concur.