CURTIS *v.* ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered November 7, 1910.

1. TRIAL—DIRECTING VERDICT—REVIEW.—In determining whether the trial court erred in directing the jury to return a verdict in favor of the defendant, the rule upon appeal in to consider the testimony in its aspect most favorable to the plaintiff. (Page 395.)

2. RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.—Though a railway company was negligent in failing to keep a lookout at a crossing, one injured there cannot recover if his negligence contributed proximately to the happening of the accident which caused the injury. (Page 396.)

3. SAME—DUTY OF TRAVELER AT CROSSING.—While a traveler upon a public street has a right to the use thereof, yet in approaching a railroad crossing, and in going upon or over it, he must use ordinary care for his own safety. (Page 396.)

4. SAME—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.—Where plaintiff undertook to pass between or over a train of cars, and was injured by the movement of the train, he was negligent if at the time he knew either that the engine was attached to the train or was about to be attached, preparatory to moving the train. (Page 398.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Hamby & Haynie,* for appellant.

Giving the evidence of the plaintiff the consideration most favorable to him, there was a question of fact as to whether he was guilty of such negligence as to preclude a recovery, which should have gone to the jury. 89 Ark. 222; 76 Ark. 138; 57 S. E. 764; 39 S. E. 569.

*Glass, Estes, King & Burford,* for appellee.

Plaintiff's attempt to cross the track between the cars to which an engine was attached, or, if not attached, was likely to be at any moment, was contributory negligence as a matter of law, and precluded a recovery. 2 White on Pers. Inj. § 1028; 105 S. W. 385; 104 S. W. 258; 64 Minn. 415; 67 N. W. 223; 101 Mo. 113; 105 Mo. 399; 27 S. W. 717; 69 Ark. 138; 99 S. W. 66; 79 Ark. 625.

FRAUENTHAL, J. This was an action instituted by R. F. Curtis, the plaintiff below, to recover damages for a personal injury which he alleged he sustained by reason of the negligent act of the defendant. The injury was received by plaintiff while

he was attempting to pass between freight cars that were attached together in a train which was standing upon a public crossing in the city of Hope. The lower court directed the jury to return a verdict in favor of the defendant, which was done; and from the judgment rendered by the court in pursuance of that ruling the plaintiff has appealed. In determining whether or not the court committed error in directing the jury to return a verdict in favor of the defendant, the rule upon the appeal of the case is to consider the testimony in its most favorable aspect to the plaintiff. *Graham* v. *Thrall,* 95 Ark. 560. Viewing the testimony in this manner, the case is this: The plaintiff, who lives near Hope, came to that city on the day of the injury for the purpose of selling some country produce. The railroad track of the defendant runs in a northerly direction from Second Street to First Street, in said city, and crosses First Street at right angles; and beyond First Street it crosses the railroad tracks of the St. Louis, Iron Mountain & Southern Railway Company, which run parallel with First Street. It is about 400 feet from Second to First Street. On this occasion the plaintiff at about 2 o'clock P. M. crossed the defendant's track several times between these two streets in going from a store upon the east side thereof to a residence on the west side in making sale of his produce. The last time he crossed the railroad track in going to the residence he saw a freight train moving thereon in a northerly direction and towards First Street. After quitting the residence for the purpose of returning to the east side of the railroad track he proceeded to a point about 125 feet west of said track, and saw that the freight train had moved across First Street with the engine attached thereto and was completely blockading the street. He then walked to a point near the train, and looked towards the north end of the train, to which end he had just seen the engine attached, and saw no engine then attached to that end. He remained at this place for about ten minutes, waiting for the train to clear the crossing, and then proceeded towards the south end of the train for a distance of about two car lengths, and saw no engine at the south end of the train. He then returned to the crossing where the freight train was standing upon the street. He testified that at that time he had no idea of attempting to cross over between the cars; but, seeing no

engine at the north end of the train, he then attempted to cross between the cars.   He caught hold of the ladder upon the inside of the car and placed his foot between the drawheads and thus drew himself up until he was standing on the bumpers between the cars, and at that moment the train moved back towards the south, and his foot was caught between the bumpers or drawheads of the cars, and was crushed to such an extent that amputation of it was necessary.   The plaintiff testified that he knew that the freight train was then being made up upon this track by the defendant preparatory to leaving, and that switching thereof was being done for that purpose at that time; and that the freight train was standing not only across the street, but also across the tracks of the St. Louis, Iron Mountain & Southern Railway Company, just beyond the street when he attempted to cross between the attached cars.   He testified, however, that, although he had seen an engine attached to the north end of the train a few minutes before making the attempt to cross, he did not see the engine at the moment he attempted to cross, and that at the time the train moved back he heard no bell or whistle.   It further appears that it was a violation of the provisions of the ordinances of the city of Hope to obstruct any street at a railroad crossing for a longer period than five minutes at any one time.

It is contended by counsel for appellee that, under the view of the testimony adduced upon the trial of this case most favorable to plaintiff, he was guilty of contributory negligence, and therefore was not entitled to a recovery herein.

It has been repeatedly held by this court that, though the defendant may be guilty of negligence and of a violation of law, still the plaintiff can not recover if his own negligence contributed proximately to the happening of the accident which caused the injury.   *Johnson* v. *Stewart,* 62 Ark. 164; *St. Louis, I. M. & S. Ry. Co.* v. *Leathers,* 62 Ark. 235; *St. Louis, I. M. & S. Ry. Co.* v. *Jordan,* 65 Ark. 47; *St. Louis S. W. Ry. Co.* v. *Cochran,* 77 Ark. 398; *Chicago, R. I. & P. Ry. Co.* v. *Smith,* 94 Ark. 524.

Thus it has been held that, although a railroad company was guilty of failing to comply with the statutory provisions requiring a lookout to be kept or requiring a bell to be rung

or a whistle to be sounded upon approaching a public crossing, yet a party injured by reason of such negligence would not be entitled to recover if he himself was guilty of any negligence which contributed to the happening of the accident which caused the injury. A traveller upon the public street or highway has a right to the use thereof at a railroad crossing, but in approaching such crossing, and in going upon or over it, he must use ordinary and reasonable care for his own safety. As is said in the case of *St. Louis & S. F. Rd. Co.* v. *Carr,* 94 Ark. 246: "To him the track itself is a warning of danger, and he is under the duty to exercise precaution to inform himself of the proximity of the train and to exercise ordinary prudence in avoiding injury." The presence of cars and an engine, either attached to them or in the immediate vicinity for the purpose of moving them, is an obvious warning of danger to an adult person attempting to cross over, under or between them. According to the great weight of American authority, it is gross negligence in a traveller to attempt to pass over or under or between the cars of a train which is standing on a railroad crossing to which an engine is attached, or to which he knows, or reasonably ought to know, an engine will be immediately attached, and which he knows or reasonably ought to know is ready to move.

In 2 Thompson on Negligence, § 1674, it is said: "The view of the writer, for whatever it may be worth, is this: If the train is lawfully obstructing the crossing, that is to say, if it has not obstructed it for a greater length of time than that prescribed by statute or ordinance or, in the absence of statute or ordinance, for an unreasonable length of time, then a pedestrian who attempts to continue his journey upon the highway by climbing over or between the cars does so at his own risk. The railway company is under no obligation to keep a special lookout for him or to take special pains to provide for his safety. * * * But, after the train has obstructed the crossing beyond the length of time prescribed by statute or ordinance or beyond a reasonable time in the absence of statute or ordinance, then the railway company is guilty of an unlawful obstruction of the highway; * * * and if pedestrians undertake that right by climbing over the obstructing train, the railroad company must see

to it that it does not kill them or injure them by an affirmative act of its own, by starting forward its train without giving them any warning of its purpose so to do, or without looking out for their safety in any way. American courts have, however, held, and with great unanimity, that in such cases the injury is to be ascribed as matter of law to the contributory negligence of the traveler, and that there can be no recovery of damages against the company." In the case of *Lake Shore & M. S. Ry. Co.* v. *Pinchin,* 112 Ind. 592, it is said: "A person who has knowledge that a train of cars is stopping temporarily at a way station on its way to its destination has no right to assume the risk of passing between the cars. It is a danger so immediate and so great that he must not incur it. * * * It will not avail the plaintiff to say that he was not fully aware of his danger, for the plaintiff is bound to know the extent of the danger in cases like this, where the circumstances are known to him, or the hazard is apparent to a reasonably prudent man. * * * One who attempts to cross between the cars of a train which he knows, or might know by using his natural faculties, is likely to move at any moment, is guilty of negligence." 3 Elliott on Railroads, § 1169; 2 Shearman & Redfield on Negligence, § 479; *Hudson.* v. *Wabash Western Ry. Co.,* 101 Mo. 13; *Corcoran* v. *St. Louis, I. M. & S. Ry. Co.,* 105 Mo. 399; *Jones* v. *Illinois Central Rd. Co.,* 104 S. W. 258; *Southern Ry. Co.* v. *Clark,* 105 S. W. 384; *Magoon* v. *Boston & M. R. Co.,* 31 Atl. 156; *Andrews* v. *Central Rd. & Banking Co.,* 86 Ga. 192, 10 L. R. A. 58.

In the case of *Andrews* v. *Central Rd. & Banking Co., supra,* it is said: "Though a standing railway train be an unauthorized obstruction of a public crossing, a person attempting to pass between the cars by climbing over the platform and bumpers, if injured thereby in consequence of a sudden movement of the train, can not recover unless the engineer, conductor or some other person having control of the train's movements knew of his attempt to cross or had notice of his exposure to danger."

In the case at bar the testimony of the plaintiff shows that he knew that the freight train which obstructed the street was making movements in making up the train preparatory to its leaving. He knew that the train was standing only temporarily over the street, and was liable to move at any moment. When

he left the residence, and was coming towards the track, he saw the train had moved upon the street, and saw the engine attached to the train and pulling it. When he arrived at the track, he said he did not then see the engine attached to the end of the train, but he knew that it was in the vicinity of that end of the train and was liable to move the train at any moment, for he testified that he had no idea then of attempting to cross between the cars. He waited only a few minutes, and then became impatient to cross. Within almost a moment after he got between the cars the train moved. The engine must necessarily have been at the end or within the immediate vicinity of the end of the train when plaintiff went between the cars. This the plaintiff knew, or with the exercise of ordinary care he must have known. He simply took the risk of being able to pass between the cars with safety; but in making the attempt to cross he must, under his own testimony and the physical facts of the case, have known that he was taking such risk. The case here presented is where an engine is attached to a standing train or virtually attached thereto, and the train is ready to move, and the plaintiff attempts to cross between the cars. It is not a case where cars are standing over the crossing with no engine attached or with no engine in the immediate vicinity and ready to be attached to the cars. Here the engine was either attached to the train when plaintiff went between the cars to cross over, or was in the act of being attached to the train when he went between the cars, because the train moved within a moment after he did pass between the cars. From the testimony most favorable to plaintiff, he cast himself upon a known danger and took a risk, known or apparent, that would probably result in his injury. Under such circumstances, as a matter of law, he was guilty of an act of negligence which proximately contributed to his injury.

The court did not err, therefore, in directing a verdict for the defendant, and the judgment must be affirmed.