# MORRISON v. LEE.

### (38 L.R.A.(N.S.) 412, 133 N. W. 548.)

**Illegal sale of oil — injuries to person by explosion — contributory negligence.**

In an action based on the statutory liability of defendant under § 2223, Rev. Codes 1905, by a person who has sustained injuries as the result of an explosion of oil sold in violation of law,—

*Held,* construing said statute, that the legislature did not intend to abrogate the defense of the contributory negligence of the person injured, where such contributory negligence was the proximate and efficient cause of such explosion.

Opinion filed November 14, 1911.

Note. — A case very similar in its facts to MORRISON v. LEE is that of Berger v. Standard Oil Co. 126 Ky. 155, 11 L.R.A.(N.S.) 238, 103 S. W. 245, deciding that one using unsuitable lubricating oil sold by another cannot hold him liable for injuries caused by its explosion if, by the exercise of ordinary care, he could have learned of the defects so as to prevent the injury. This case is distinguishable, however, since no statute regulating the sale of oil was involved. A case similar in principle, though different in its facts, is that of Ford v. Chicago, R. I. & P. R. Co. 91 Iowa, 179, 24 L.R.A. 657, 59 N. W. 5, holding that the defense of contributory negligence is not defeated, although the burden of proof is thrown on the defendant, by a Code provision that an injured party, in order to recover damages from a railroad company for neglect or refusal to comply with the statute requiring safe crossings and cattle guards, need only prove such neglect and refusal. And again, in Queen v. Dayton Coal & I. Co. 95 Tenn. 458, 30 L.R.A. 82, 49 Am. St. Rep. 935, 32 S. W. 460, it is held that liability to persons for whose protection a statute was made, in case of their injury by breach of it, is subject to the defense of contributory negligence. And that this is in harmony with the general rule is shown by the authorities reviewed in a note in 9 L.R.A.(N.S.) 342.

The effect of contributory negligence as a defense in case of the violation of a statutory duty by a master where the statute excludes the defense of assumed risk is considered in a note in 13 L.R.A.(N.S.) 1152. And the right of one employing a child under statutory age to rely on contributory negligence to defeat liability for personal injuries sustained by the latter is the subject of notes in 12 L.R.A. (N.S.) 461, and 20 L.R.A.(N.S.) 876. The general question of, when contributory negligence does not prevent recovery, is treated in a note in 8 Am. St. Rep. 850. And various aspects of the question of the liability of the manufacturer or vender of a dangerous product or machine for personal injuries caused thereby are considered in notes in 2 L.R.A.(N.S.) 303; 5 L.R.A.(N.S.) 1103; and 19 L.R.A. (N.S.) 923.

Appeal from District Court, Ward county; *Leighton, J.*

Action by James T. Morrison against Peter P. Lee. From an order sustaining a demurrer to the answer, defendant appeals.

Reversed.

*James Johnson* and *Guy C. H. Corliss,* for appellant.

*Arthur LeSueur* and *Bangs, Cooley, & Hamilton,* for respondent.

FISK, J. This is an appeal from an order of the district court of Ward county, sustaining plaintiff's demurrer to the answer of the defendant. Plaintiff seeks to recover damages for personal injuries sustained by him as the result of an explosion of a mixture of kerosene and gasolene which he purchased of the defendant as and for kerosene oil. Plaintiff relies for a recovery upon § 2223 of the Revised Codes of this state, which reads as follows: "Whoever shall knowingly use, sell, or cause to be sold unlawfully any of the illuminating oils specified in this article which are below 105 degrees Fahrenheit, as tested by the official tests herein prescribed, shall be liable to any person purchasing such oil or to any person injured thereby for any damage to person or property arising from any explosion thereof." In other words, plaintiff bases his cause of action upon the statutory liability of defendant under the above section. The answer pleads a former adjudication. By such plea defendant alleges that the former action was instituted for the recovery of damages for the same injuries resulting from the same explosion, and that such explosion was caused by defendant's negligence in selling to plaintiff as and for kerosene oil a mixture of kerosene and gasolene; such cause of action being based upon the alleged common-law liability of defendant. By such plea it is also alleged that the issues in such former action, including that of contributory negligence on plaintiff's part, were duly considered and adjudicated and finally decided in defendant's favor, and judgment was finally entered, dismissing plaintiff's action.

The ground of demurrer to the above answer is that it does not state facts sufficient to constitute a defense to plaintiff's cause of action. Respondent's counsel advance two propositions of law in support of the action of the trial court in sustaining their demurrer: First, that the cause of action upon which the plaintiff seeks a recovery in this case is different and distinct from that set up in the case which appellant has

pleaded in bar. Second, that contributory negligence is not a defense to this action. Appellant's counsel deny the soundness of both of these propositions. It is conceded that, if either of such propositions is untenable, the demurrer was improperly sustained. We will take up these questions in the inverse order thus stated, and proceed to determine whether contributory negligence is a defense to this action. Does § 2223, Rev. Codes, "impose a positive and absolute liability, regardless of any contributory negligence on the part of the person injured," as contended by plaintiff's counsel? They assert that unless it does so the section would be superfluous and meaningless. We can best give their line of reasoning by quoting from their brief as follows: "For the sale of oil that will omit a combustible vapor at less than 105 degrees, a person injured has a right of action at common law, because this is an act prohibited by § 2222. That section contains many other prohibitions for the violations of any one of which an action may be maintained under the common law, by a person injured in consequence of such violation. But under the provisions of § 2223 the legislature has seen fit to single out but one of these acts prohibited by § 2222, and has declared, in effect, that for the commission of that act the offender shall be absolutely liable to the person injured. If contributory negligence is a defense to an action under this section, the purpose of the statute would be in a great measure, if not wholly, defeated."

In support of their contention, counsel for plaintiff rely chiefly on a line of authorities under statutes making railroad companies liable for injuries to stock where they have neglected to fence or otherwise protect their right of way; and authorities under so-called "factory acts;" and also under statutes requiring owners of mines to take certain precaution for the protection of miners. Among the authorities thus relied on are the following: Corwin v. New York & E. R. Co. 13 N. Y. 42; Harwood v. Bennington & R. R. Co. 67 Vt. 664, 32 Atl. 721; Congdon v. Central Vermont R. Co. 56 Vt. 390, 48 Am. Rep. 793; Jensen v. South Dakota C. R. Co. 25 S. D. 506, 35 L.R.A.(N.S.) 1015, 127 N. W. 650; Flint & P. M. R. Co. v. Lull, 28 Mich. 510; Welty v. Indianapolis & V. R. Co. 105 Ind. 55, 4 N. E. 410; Chicago, St. L. & P. R. Co. v. Fenn, 3 Ind. App. 250, 29 N. E. 790; Carterville Coal Co. v. Abbott, 181 Ill. 495, 55 N. E. 131; Caspar v. Lewin, 82 Kan. 604, — L.R.A. (N.S.) —, 109 Pac. 657; Atchison, T. & S. F. R. Co. v. Paxton, 75

Kan. 197, 88 Pac. 1082; Louisville & N. R. Co. v. Martin, 113 Tenn. 266, 87 S. W. 418; Johnson v. Marshall, Sons & Co. [1906] A. C. 409, 75 L. J. K. B. N. S. 68, 94 L. T. N. S. 828, 22 Times L. R. 565, 5 Ann. Cas. 630.

There are a great many authorities holding to the same effect, and they are collated in the valuable note to the case of Wolf v. Smith, 9 L. R.A.(N.S.) 338. An examination of the opinions in most, if not all, of these cases will disclose, however, that the plaintiff's negligence was remote rather than proximate to the injury; and it is nowhere held that the railway company is liable where the owner of the stock killed or injured wilfully or recklessly drove his stock upon the track. As said by Taft, Ch. J., in Kilpatrick v. Grand Trunk R. Co. 72 Vt. 263, 82 Am. St. Rep. 939, 47 Atl. 827: "These cases can well be put upon the ground that the negligence of the plaintiff in permitting his animals to escape, stray away, and pass upon the railroad track was remote, and not proximate. If the negligence of the plaintiff consisted in his negligently driving cattle upon the track, at the time of the accident, it might well be claimed that such negligence was proximate, not remote, and that his neglect would bar a recovery. When the negligence of the plaintiff did not occur at the time of the accident, but was prior thereto, and consisted in permitting his animals to stray away, it is not mutual with that of the defendant, and was not one of the proximate causes of the accident; for, in the use of the words 'proximate cause,' negligence occurring at the time the injury happened is meant. The case, in principle, is analogous to the one which formerly arose under the provisions of our early statutes, which enacted that 'if any special damage shall happen to any person, his team, carriage, or other property, by means of the insufficiency or want of repairs of any highway or bridge in any town, which such town is liable to keep in repair, the person sustaining such damage shall have the right to recover the same,' etc. In these cases it has been universally held that if the plaintiff is guilty of contributory negligence, as one of the proximate causes of the accident, if his negligence contributes to his injury to any extent, he is not entitled to recover. But in such highway cases it was held that when the plaintiff's negligence consisted in taking a road constructed to avoid the dangerous place, which caused the accident, the plaintiff was not barred from a re-

covery, for the reason that his negligence was remote, not proximate. Templeton v. Montpelier, 56 Vt. 328."

It is no doubt true, as contended for by respondent's counsel and as held in many of the authorities, that statutes similar to the one under consideration in the case at bar were enacted in the legitimate exercise of the police power and are penal in their nature, being designed for the protection of the public against injuries to persons and property, and are highly beneficial and should be strictly enforced. It does not follow from this, however, that a person who violates the statute is civilly liable for all damages occasioned by an explosion of the oil under all circumstances. We are here confronted with a question of statutory construction. Did the legislature intend by the statute in question to impose on a person who has sold oil in violation of the statute, an *absolute* liability, regardless of whether such violation had, in fact, anything directly to do with causing the explosion? It seems to us that it would be a forced construction of the statute to say that the legislature intended to create a liability for an explosion, the direct or proximate cause of which was plaintiff's wilful, reckless, or gross negligence. No authority has been called to our attention permitting a recovery under a like statute where the plaintiff thus caused the injury. Yet, if respondent's contention be sound, that the legislature, by this statute, created an *absolute liability,* it would logically follow that, in an action to recover under such statute, a plaintiff's wilful or gross negligence, which alone was the immediate and efficient cause of an explosion, would be no defense.

After a careful consideration of the matter, we are forced to hold that contributory negligence on plaintiff's part directly causing the explosion bars a recovery. Hence the ruling complained of was erroneous. We deem it well settled that, while a violation of a statutory duty may constitute negligence *per se* and actionable in case of resultant injury, yet statutes imposing such duties do not abrogate the defense of contributory negligence, unless the legislative intention so to do is clearly evinced in such statute. Such is the rule recently announced by the Minnesota court in Schutt v. Adair, 99 Minn. 7, 108 N. W. 811. It was there said regarding the violation of a statute requiring elevator shafts to be guarded and protected: "Though the violation of a statutory duty may constitute negligence *per se,* and actionable if injury result therefrom,

nevertheless statutes imposing such duties are not so construed as to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the legislature intended to exclude the defense. ·20 Am. & Eng. Enc. Law, 2d ed. 159; Caswell v. Worth, 5 El. & Bl. 849, 25 L. J. Q. B. N. S. 121, 2 Jur. N. S. 116, 4 Week. Rep. 231; Hayes v. Michigan C. R. Co. 111 U. S. 228, 28 L. ed. ·410, 4 Sup. Ct. Rep. 369; Whitcomb v. Standard Oil Co. 153 Ind. 513, 55 N. E. 440; Queen v. Dayton Coal & I. Co. 95 Tenn. 458, 465, 30 L.R.A. 82, 49 Am. St. Rep. 935, 32 S. W. 460; Holum v. Chicago, M. & St. P. R. Co. 80 Wis. 299, 50 N. W. 99; Taylor v. Carew Mfg. Co. 143 Mass. 470, 10 N. E. 308. It was not the intention of the legislature in enacting this statute to create an absolute liability, but rather to impose a duty upon persons operating warehouses and manufacturing establishments to guard and protect their employees from injury, the non-compliance with which constitutes negligence justifying a recovery by an injured servant, without further proof of a failure to exercise that degree of care enjoined by the rules of the common law. The general principles of the law underlying the right of action for personal injuries founded upon negligence remain the same, though the proof of negligence is simplified by showing merely a failure to obey the statutory commands. Contributory negligence will bar such an action precisely as it bars an action at common law. Anderson v. C. N. Nelson Lumber Co. 67 Minn. 79, 69 N. W. 630; Swenson v. Osgood & B. Mfg. Co. 91 Minn. 509, 98 N. W. 645."

We have a statute (Rev. Codes § 4295) requiring railway companies to give certain signals on approaching public crossings, and providing a penalty for neglect to comply therewith, and also prescribing that such companies shall be liable for all damages which shall be sustained by any person by reason of such neglect; but it has never been contended that the contributory negligence of the person injured at such a crossing will not bar his recovery. On the contrary, such defense is recognized by all courts. Hollinshead v. Minneapolis, St. P. & S. Ste. M. R. Co. 20 N. D. 642, 127 N. W. 993, and cases cited in note. See also Mankey v. Chicago, M. & St. P. R. Co. 14 S. D. 468, 85 N. W. 1013, holding that before a recovery can be had under said statute it must be shown that the failure of defendant to give the statutory signals was the proximate cause of the plaintiff's damage.

A case arose in Mississippi under a statute, on principle, in all respects like the one involved in the case at bar. The Mississippi statute limited the speed of trains through towns, cities, and villages, and fixed a penalty for its violation, and which also provided: "And the company shall, moreover, be liable for any damage or injury which may be sustained by anyone from such locomotive or cars whilst they are running at a greater rate of speed than 6 miles an hour through any city, town, or village." A young man was killed by a train which was operated in violation of said statute, and in a suit by his mother to recover thereunder Campbell, Ch. J. said: "It is so clear that the unfortunate man who was killed contributed directly to his own death by his incautious and reckless action that the court properly told the jury the plaintiff was not entitled to recover. It is true that the defendant was guilty of a violation of law in the rate of speed at which the train was run, but this was *causa sine qua non*, while the *causa causans* was the imprudence of the person killed, so unmistakable as to authorize the assertion that he was the cause of his death." Crawley v. Richmond & D. R. Co. 70 Miss. 340, 13 So. 74.

Our views also find support in the following authorities: Meyer v. King, 72 Miss. 1, 35 L.R.A. 474, 16 So. 245; Reynolds v. Hindman, 32 Iowa, 146; Dodge v. Burlington, C. R. & M. River R. Co. 34 Iowa, 276. See note in 9 L.R.A.(N.S.) 339 and 342, and cases therein cited; Curtis v. St. Louis & S. F. R. Co. 96 Ark. 394, 34 L.R.A.(N.S.) 466, 131 S. W. 947, Ann. Cas. 1912, B. 685; Dumphy v. New York, N. H. & H. R. Co. 196 Mass. 471, 13 L.R.A.(N.S.) 1152, 82 N. E. 675; Queen v. Dayton Coal & I. Co. 95 Tenn. 458, 30 L.R.A. 82, 49 Am. St. Rep. 935, 32 S. W. 460; 29 Cyc. 436, 437, 508; 21 Am. & Eng. Enc. Law, 483; Quimby v. Woodbury, 63 N. H. 370; Bush v. Wathen, 104 Ky. 548, 47 S. W. 599; 1 White, Personal Injuries on Railroads, § 404, and case cited; 1 Thomp. Neg. §§ 10, 834.

Having reached the above conclusion, it becomes necessary to notice the other question.

The order appealed from is reversed, and the cause remanded for further proceedings.

Goss, J., did not participate; Honorable W. C. Crawford, of the Tenth Judicial District, sitting in his place by request.