Peter Gary, a minor, by Peter Gary, Sr. his next friend, Appellee, v. Clara P. C. Arnold, Administratrix, Appellant.

Gen. No. 17,399.

1. ANIMALS—*when vicious disposition need not be shown.* Where a driver delivering coal unfastens the trace of a horse, whereby a boy is kicked, and the action is founded on negligence in placing the wagon and horses upon the sidewalk and in violating an ordinance, it is not necessary to allege and prove that the horse was a vicious horse, of which the owner had knowledge.

2. ANIMALS—*when coal driver unhitching horse is negligent.* Where a driver delivering coal backed the wagon up to the sidewalk and unhitched the trace of a horse, whereby the horse swung around with its hind feet upon the sidewalk and kicked a boy passing by while the driver was in a coal hole leveling off the coal, and there is evidence that the boy had not disturbed the horse, a verdict for the boy will be sustained.

3. ANIMALS—*when negligence of boy passing by horse is for the jury.* Where a coal driver unhitched a horse, whereby it swung around with its hind feet upon a pavement and kicked a boy passing by, whether it was contributory negligence for the boy to walk near the horse is for the jury.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912.

WILLIAM STREET, for appellant.

CRUICE & LANGILLE, for appellee; DANIEL L. CRUICE, A. S. LANGILLE and O. J. C. WRAY, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Peter Gary, hereinafter called plaintiff, in July, 1905, then eleven years of age, was injured by a kick from a horse belonging to R. B. Arnold, hereinafter called defendant. Suit was brought and the case tried by a jury, which returned a verdict for the plaintiff

and assessed the damages at $1,000, upon which judgment was entered from which defendant has appealed.

Briefly stated, the evidence tended to prove that the defendant's driver had three horses hitched to a coal wagon, all belonging to the defendant; that the driver was delivering coal to a business place on Ontario street and that he backed the wagon up to the sidewalk opposite a coal hole in the walk and swung the horses around so that they stood parallel with the sidewalk. He unhitched the trace of the horse nearest the sidewalk and thereupon this horse swung around with its hind feet on the sidewalk, and was permitted to stand in this position while the coal was unloaded. While the driver was down in the coal hole leveling off the coal, which had been unloaded from the rear end of his wagon, the plaintiff, who lived nearby, with a boy companion came along on the sidewalk, and as plaintiff passed by about three feet from the horse on the sidewalk it kicked him. There was testimony that the boys had done nothing to the horse to cause him to kick. As the result of the kick plaintiff suffered a compound fracture of the right thigh bone, the effects of which still existed at the time of the trial, which was about five years after the occurrence.

It is urged as ground for a reversal that the court erred in permitting evidence to be submitted to the jury under the declaration; that it was necessary to allege and prove that the horse was a vicious horse, of which the owner had knowledge. But the negligence alleged in the declaration is not based upon the temper or disposition of the horse, but upon the conduct of the owner in so placing his wagon and horses upon the sidewalk, and that this was in violation of the city ordinance. The evidence admitted was proper under the declaration.

It is also urged that the trial court erred in failing to instruct the jury to find the defendant not guilty, and it is argued that upon the facts appearing in evidence this court should reverse without remanding.

We are not of this opinion. The facts clearly support the allegations of negligence contained in one or more counts of the declaration, and the jury was justified in finding the defendant guilty.

The claim that the plaintiff was guilty of contributory negligence is not supported by any evidence. The question as to whether or not it was contributory negligence for the plaintiff to walk as near to the horse as he did was for the jury to determine, and their verdict in this regard will not be disturbed.

Complaint is made of the court's action in giving and refusing certain instructions, but such complaints are without merit.

The judgment will be affirmed.

*Affirmed.*