MRS. ISAAC LaPOINT, Respondent, v. HODGINS TRANSFER COMPANY, a corporation, Appellant.

(188 N. W. 166.)

**Municipal corporations — violation of ordinance penalizing failure to properly fasten a horse on a street constitutes negligence per se.**

1. The violation of a municipal ordinance penalizing the failure to properly fasten a horse upon a street, constitutes negligence per se.

**Negligence — proximate cause question for jury.**

2. Where the minds of ordinary prudent men might reasonably draw different conclusions upon a statement of facts affecting the proximate cause of an injury, the question is properly for the consideration of the jury.

**Municipal corporations — whether failure to fasten unattended horse was proximate cause of injuries to plaintiff held for the jury.**

3. Where a pedestrian traversing a sidewalk in a public street was injured through being bitten and knocked down by a horse stepping upon the sidewalk and, where such horse was a member of a team attached to a wagon left unattended and not fastened at all pursuant to the provisions of a municipal ordinance, it is *held*, for reasons stated in the opinion, that the question whether the violation of the ordinance proximately caused the injuries, was for the jury.

Opinion filed April 12, 1922. Rehearing denied May 15, 1922.

Action in District court, Ward county, *Moellring*, J.

The defendant has appealed from an order denying judgment non obstante, or, in the alternative, a new trial.

Affirmed.

*Fisk, Murphy & Nash,* for appellant.

Where a person had not knowledge and is not chargeable with knowledge of the danger his act will not constitute proximate cause. Alwell v. Skobis (Wis.) 105 N. W. 777; 29 Cyc. 495; Cole v. German Savings Society (Fed.) 63 L. R. A. 416; Kelly v. Bennett, (Pa.) 19 Am. St. Rep. 594; 7 L. R. A. 120; Stuart v. Ripon, 38 Wis. 584.

In order to render the violation of a statute or ordinance actionable negligence, the consequences which resulted from such negligence must

have been those contemplated by its provisions. 29 Cyc. 438; Denton v Kans. R. Co. 103 Pa. 558; Ann. Cas. 1915D, 640; 3 Corpus Juris pp. 92-93; Putermann v. Simon (Mo.) 105 S. W. 1098; Reed v. S. Express Co. (Ga.) 51 Am. St. Rep. 62; Corcoran v. Kelly, 113 N. Y. Supp. 686.

The violation of the ordinance was not the proximate cause nor the effective cause. The vicious propensity of the animal was. See particularly Smith v. Donahue, (N. J.) 60 Am. St. Rep. 652; Reed v. S. Express Co. (Ga.) 51 Am. St. Rep. 62.

*Palda & Aaker,* for respondent.

"The questions of fact as to the character and extent of plaintiff's injuries, and whether he was guilty of contributory negligence in the premises, and also whether the fact that the team was left unfastened and unguarded in a public street was the proximate cause of the injury, were settled by the verdict." Bett v. Pratt (Minn.) 23 N. W. 237; Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U. S. 474.

"It is not necessary that an animal should be vicious to make the owner responsible for injury done by it, through the owner's negligence. The viciousness of the animal is an essential fact, only when, but for it, the conduct of the owner would be free from fault." Gary v. Arnold, 175 Ill. (A) 365; Asher v. Monday, 9 Ky. (L) 332; Lyman v. Dale, (Mo.) 136 S. W. 760.

"If the owner or keeper is guilty of negligence in handling an animal, he is liable regardless of scienter." Cases supra; Bett v. Pratt, (Minn.) 23 N. W. 237.

Non-compliance with a statute or ordinance prescribing the performance of a duty imposed for the benefit or protection of others is negligence per se. Osborne v. McMasters, 40 Minn. 103; 41 N. W. 543; Corrall v. B. C. R. R. R. Co. 38 Ia. 120; Peyton v. Texas, R. R. Co. 17 La. 430; Weber v. Kansas City R. Co. (Mo.) 18 Am. St. Rep. 541.

"The violation of a statute passed for the protection of the public is negligence per se." Schell v. DuBois, (Ohio) 113 N. E. 664; Thompson, in Vol. 1 of his work on Negligence at § 10.

"The violation of the statute enacted for the protection of persons and their property constitutes negligence per se." Walker v. Klopp (Neb. 1916) 157 N. W. 962.

## *Statement.*

BRONSON, J. This is an action for personal injuries. The defendant· has appealed from an order denying judgment non obstante or, in the alternative, a new trial. The facts are: On July 26, 1918, upon a street in Minot, the plaintiff was severely bitten in the right arm by a horse of the defendant. The plaintiff, then aged 72 years, was walking upon the sidewalk with her daughter. The defendant's team, one of the horses of which occasioned the injuries, was attached to a garbage wagon then engaged in hauling garbage, pursuant to defendant's contract with the city. In accordance with some of the testimony, the team was then unattended. The driver came from a building near some 30 seconds to a mniute after the plaintiff was bitten. The team was not fastened in any manner.

An ordinance of the city of Minot then in force provides as follows:

*"Unlawful to Leave Team Loose in Street.*—Any person who shall leave any horse, horses, mule, mules or other animals attached to any carriage, wagon or sleigh in any street, avenue, alley or other uninclosed place within the city, without properly fastening such animals, shall be subject to a fine of not less than one dollar, nor more than nineteen dollars for each offense."

One witness, a pedestrian then passing by, testified that the noise and the shaking of the harness attracted his attention. He heard the·snap of the horse's teeth. He turned around and saw the horse pulling back, just at the edge of the sidewalk. He saw the plaintiff down on the sidewalk and her daughter and another persons picking her up. The plaintiff testified that the horse stepped on the sidewalk. No evidence was introduced concerning knowledge by the defendant of the vicious propensities of the animal nor concerning plaintiff's contributory negligence. The jury returned a verdict in plaintiff's favor for $2,400.

## *Decision.*

The propriety or validity of the ordinance is not questioned. But the plaintiff maintains that it has no application; that it is a mere traffic regulation; that its sole purpose is to prevent runaways with attendant injuries to pedestrians and other property. Reliance is placed upon the case of Putermann v. Simon, 127 Mo. App. 511, 105 S. W. 1098. In that case, the ordinance involved provided that any person who shall leave a

horse standing in a public place without being fastened or so guarded as to prevent its running away shall be deemed guilty of a misdemeanor. This ordinance does not state its purpose. It is general in character. It does not attempt to distinguish between the act of a horse, not properly fastened, stepping upon a sidewalk and biting a pedestrian lawfully there, so as to knock her down and severely injure her, and the act of such horse, not properly fastened, running away and, upon a sidewalk, similarly knocking down and injuring a pedestrian lawfully there. As far as the ordinance is concerned, the former act is not absolved and the latter included. In either event, the ordinance as a lawful regulation served to give assurance, pursuant to its terms, to a pedestrian, lawfully traversing a sidewalk, that the municipal duty so imposed was performed. The violation of this ordinance constituted negligence per se. Thompson, Negligence, vol. 1, § 10; Morrison v. Lee, 22 N. D. 251, 255, 133 N. W. 548, 550, 38 L. R. A. (N. S.) 412; Leidgon v. Jones (N. D.) 179 N. W. 714, 716; Gary v. Arnold, 175 Ill. App. 365; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275.

Pursuant to the instructions and through their verdict, the jury have found that the horse was left unattended without proper fastening upon a street. The evidence supports such finding. The only question remaining is whether the violation of the ordinance was the proximate cause of the injuries. Upon definite instructions in this regard, the jury found that it was. No exceptions are taken to the instructions. The defendant contends, however, that the evidence is insufficient to warrant such finding: That if the horse had been attended, or properly fastened, perchance, with an ordinary tie strap to a lug or hitching post, the horse, nevertheless, could have reached around, readily, and bitten the plaintiff. However, the minds of ordinary prudent men might reasonably draw different conclusions concerning what would constitute a proper fastening, and whether a horse, properly fastened, would or could step on a sidewalk and thus bite and injure the plaintiff. Felton v. Ry. Co., 32 N. D. 223, 235, 155 N. W. 23; Farmers' Mercantile Co. v. N. P. R. Co., 27 N. D. 302, 316, 317, 146 N. W. 550; 29 Cyc. 632. Obviously, one purpose of the statute was to lessen such dangers and to prevent such injuries. The fact that the horse stepped upon the sidewalk and the physical surrounding facts presented to the jury more than mere probabilities that the violation of the statute proximately caused plaintiff's injuries.

See note L. R. A. 1917E, 250. We are of the opinion that the question of proximate cause was for the jury.

The order is affirmed, with costs.


GRACE, C. J., and CHRISTIANSON, BIRDZELL, and ROBINSON, JJ., concur.