[Civ. No. 5672. Fourth Dist. May 7, 1959.]

DOUGLAS CARLSON, a Minor, etc., et al., Appellants, v. DONALD C. GLANVILLE, Respondent.

Vizzard, Baker & Sullivan and Di Giorgio & Davis for Appellants.

Mack, Bianco, King & Eyherabide for Respondent.

GRIFFIN, P. J.—Plaintiff-appellant Douglas Carlson, aged 12, through his guardian *ad litem* Hilda Goclowski, and Hilda Goclowski individually, brought this action for damages against defendant-respondent Donald C. Glanville, individually and as Glanville Plumbing Company, for loss of the minor's left eye as a result of an explosion of an electrical dynamite cap.

Plaintiffs' complaint alleged that defendant did "carelessly, negligently and unlawfully keep . . . in a truck . . . a number of dynamite caps"; that defendant knew this and that said caps were attractive to children; and that as a result of the explosion of one of these caps the minor lost his eyesight. Defendant answered, denied generally these allegations, and set up, among the affirmative defenses, assumption of risk and contributory negligence.

### FACTS

A résumé of the facts shows defendant was a sewer contractor, and lived at 3231 Belle Terrace, Bakersfield. In the area back of his home he maintained certain fenced and unfenced property for the storage of equipment. Parked in this rather tall-fenced area was an old disabled truck formerly used by him. It had been inoperative since 1949. He had a sewer job in Porterville in 1951, and used dynamite and caps on that work. He returned a few unused caps from the job and testified he securely locked them in a box with two padlocks, in which he had tools stored, and placed it in the yard. He said he had no occasion to use them thereafter; that in November, 1954, he first noticed the hasps had been broken off of the box and the old tools and dynamite caps were missing; that he made a thorough search of the premises and in the various trucks and found none of the missing articles; that this included the particular old truck here involved where, in 1955, certain caps were found by some neighbor boys who had climbed over the fence, played on the old truck, and took the eight or nine caps they discovered on the seat of the truck or on the lid of the glove compartment, which were contained in a box marked "Explosive . . . Dynamite Caps." These three boys took the caps and hid them in a nearby slough. Later they divided them up. One testified that some time thereafter plaintiff Douglas Carlson, who was not with them when they first took the caps, came to his home and he dug them up from where he had buried them and discharged one cap by means of a wire connected to a dry-cell battery; and that Douglas then asked him for one so he gave it to him. Douglas testified he took the cap, hid it in his home in the loud speaker and in different other places because he did not want his mother to see it; that she did see it on one occasion and whipped him for having it, made him take it back to the other boy, and warned him that it was "very, very dangerous" and might blow up; that about March 10, 1956, after again

obtaining it from the boy, he attached it to a wire and dry-cell and it exploded and put out his eye. The exploded cap was received in evidence. There was some evidence that it was a bit longer and shinier than the ones found in the old truck. The three boys testified they had been on the old truck before this occasion and they never saw these or any other caps there, and that defendant had run them off of his property on previous occasions and told them not to trespass upon it.

A verdict in favor of defendant resulted. Previous to submitting the case to the jury a motion to strike the affirmative defenses, i.e., assumption of risk and contributory negligence, from the answer, on the ground that absolute or strict liability existed, was conditionally denied, i.e., the judge then stated if he later entertained a different view he would cover it by instructions or on a motion for a directed verdict. The record does not show any subsequent motion by plaintiffs for a directed verdict or that any instruction on the subject of absolute liability was offered. It does show plaintiffs offered instructions on the subject of negligence and of contributory negligence. Instead of giving them, the court gave defendant's instructions on these subjects and refused plaintiffs' proffered instructions on the ground they were covered.

■ The principal argument on this appeal is that the court should not have given any instructions on negligence or contributory negligence because the evidence conclusively showed that under sections 12150.5 and 12221 of the Health and Safety Code, defendant was absolutely or strictly liable; that defendant's activity, as shown, was ultrahazardous, and accordingly the defense of contributory negligence was abrogated, citing such authority as 38 American Jurisprudence page 857, section 180; 171 American Law Reports 898; and cases cited in *Caspar* v. *Lewin*, 82 Kan. 604, 83 Kan. 799 [109 P. 657, 49 L.R.A.N.S. 526]; *Maryland Casualty Co.* v. *Gulf Refining Co.* (La.App.) 95 So.2d 734, 735; *Morrison* v. *Lee*, 22 N.D. 251 [133 N.W. 548, 38 L.R.A.N.S. 412]; *Green* v. *General Petroleum Corp*, 205 Cal. 328 [270 P. 952, 60 A.L.R. 475]; and *Luthringer* v. *Moore*, 31 Cal.2d 489 [190 P.2d 1]. Plaintiffs concede they have found no California cases directly in point.

Defendant contends otherwise, and argues that the burden was on plaintiffs to show defendant violated section 12150.5, *supra*, which provides:

"Every person having any blasting caps (electric or non-

electric) in his possession or control, shall keep the same securely deposited in a locked receptacle, except when taken therefrom for actual use, transportation or sale'';

that before any liability would attach under this section, they must plead it and further show a violation of section 12221, *supra,* i.e., that defendant *wilfully* or *negligently* violated that section and that the injuries resulted from this violation; and that accordingly, contributory negligence of plaintiffs would become involved as well as the question of proximate cause. It does appear that there is merit to defendant's argument but we deem it unnecessary to decide the question since it affirmatively appears that plaintiffs did plead acts of negligence on the part of defendant in their complaint and the answer did set up a defense of contributory negligence, and plaintiffs submitted proffered instructions on the question of negligence and contributory negligence. The court gave similar instructions offered by defendant. Under the authorities, if there was error in giving the instructions such error was invited. A party who has tendered an issue by his complaint cannot object to his opponent offering evidence on that issue. (*DeMirjian* v. *Ideal Heating Corp.,* 83 Cal.App.2d 400 [188 P.2d 834].) See also *Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 51 [186 P. 772], where it was definitely said: ''A party cannot complain of an instruction given at his own request or of an error in an instruction given at the instance of his adversary where he requests a substantially similar one. (14 R.C.L. 815, and cases cited.)'' To the same effect is *Jentick* v. *Pacific Gas & Electric Co.,* 18 Cal.2d 117, 122 [114 P.2d 343]; *People* v. *Harlan,* 133 Cal. 16 [65 P. 9]; *Hazelett* v. *Miller,* 115 Cal.App.2d 801 [252 P.2d 997]; *Jansen* v. *Southern Pac. Co.,* 112 Cal.App.2d 833, 845 [247 P.2d 581]; and 4 Cal. Jur.2d 423, § 557.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.