# CASES ARGUED AND DECIDED

------IN THE------

# SUPREME COURT OF MISSISSIPPI

------AT THE------

## OCTOBER TERM, 1894.

---

### WILLIAM MEYER *v.* H. J. KING.

1. PLEADING. *Infancy.* *"Tender years."* *Presumption.*

   Although, in an action for the death of a minor, the declaration alleges, generally, that he was of tender years, yet, if it avers that he was employed as a clerk in a grocery store, and earning a reasonable and substantial compensation, which was used to support his mother, this imports that he was of such age as to be capable of contributory negligence.

2. NEGLIGENCE. *Sale of chloroform to minor.* *Declaration.*

   In an action against a druggist for the death of a minor of the age of discretion, caused by defendant's having negligently and in violation of § 1252, code 1892, sold him chloroform, of which he drank, and died, the declaration is insufficient if it fails to allege that there was anything in the character and disposition of the minor that rendered it dangerous to put chloroform in his hands, or that he was ignorant or inexperienced as to its use.

3. CONTRIBUTORY NEGLIGENCE. *Voluntary intoxication.*

   Voluntary intoxication by one of the age of discretion, but for which the injury complained of would not have occurred, is such contributory negligence as bars recovery for the merely negligent act of

   72 Miss.—1

another. So held where defendant, a druggist, sold to plaintiff's minor son, while grossly intoxicated, chloroform, of which he drank, and died.

4. SELLING POISON TO MINOR. *Code* 1892, § 1252. *Special damages. Proximate cause.*

Though one selling chloroform or other poison to a minor in violation of § 1252, code 1892, is punishable under § 1454, and guilty of negligence *per se*, he is not liable for special damages sustained, unless the sale was the proximate cause of the injury. *Crawley* v. *Railroad Co.*, 70 Miss., 340, cited.

5. PLEADING. *Contributory negligence; how availed of.*

As contributory negligence is a matter of defense, its absence need not be averred in the declaration; but, if the facts averred in the declaration show contributory negligence, the defense may be availed of by demurrer.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

The facts are stated in the opinion.

*McLaurin & McLaurin,* for appellant.

1. A civil wrong and a crime, though both proceeding from one act, are legally distinct; and, where the injury is one that falls on the entire community, an individual suffering from it only as others do, can maintain no action against the wrongdoer, even if it should, in a degree, press more heavily upon him than upon the others. But he who suffers special damage may have his suit, though, by reason of the public harm, the defendant is also indictable. Bishop on Non Contract L., §§ 71, 79. We think the same doctrine is deducible from the cases of *Wooten* v. *Gwin*, 56 Miss., 422; *Dunn* v. *Kelly*, 57 *Ib.*, 825; *Cohn* v. *Smith*, 64 *Ib.*, 816. There is civil liability for violation of a penal statute in favor of one suffering special damages.

2. The law places minors and imbeciles on the same footing as to the liability of other people for their negligence in dealing with them, and as to their being responsible or not for con-

tributory negligence. The fact that a minor was intoxicated in no way excuses the other party from his duty to him as a minor. It would seem, rather, to increase his duty to be cautious where the party knows of the intoxication. One has no right to demand of a child, or any other person known to be wanting in judgment, ordinary discretion, or prudence beyond his years or capacity, and, therefore, in his own conduct towards him, where it may possibly result in injury, a degree of care is required commensurate with the apparent immaturity or imbecility that exposes the other to peril. Cooley on Torts, 683. The declaration alleges that the minor was of tender years. He cannot, therefore, have contributed to the injury. *Mackey* v. *Vicksburg*, 64 Miss., 777. See, also, *Westbrook* v. *Railroad Co.*, 66 *Ib.*, 560; Whittaker's Smith on Negligence, 411; *Vicksburg* v. *McLain*, 67 Miss., 4. The simple allegation that deceased was a minor was sufficient to put defendant on proof of his age and mental capacity, if the defense of contributory negligence is relied on. The declaration further alleges that defendant, when he sold the poison, knew of the mental condition of Meyer. Even if Meyer was guilty of contributory negligence, after the defendant knew of his peril, he was bound to use a reasonable degree of care to avoid the consequence of such negligence. *Christian* v. *Railroad Co.*, 71 Miss., 237; *Jamison* v. *Railroad Co.*, 63 *Ib.*, 33. It cannot be said that defendant drank of the poison of his own free will, and that this was the proximate cause of the injury. Being of tender years, and thoroughly drunk, he had no free will. See *Dunlap* v. *Wagner*, 85 Ind., 529.

*Dabney & McCabe*, for appellee.

Unless § 1252, code 1892, makes druggists responsible *per se*, the action of the court below was correct. The declaration does not allege that defendant knew, or had reason to believe, that Meyer would drink the poison, or that the poison was attractive or inviting to a child, or any person. The court will

indulge no presumption as to this, no matter how much the person was intoxicated. It is not alleged that the minor had not reached years of discretion. The words "tender years" are uncertain, and have no legal signification, and are inadequate to sustain the burden resting upon plaintiff. On the contrary, the allegations that he was a clerk in a grocery store, and that he was about town drunk, show him to have been old enough to have full discretion.

The boy drank the poison himself, of his own free will, and this was the proximate cause of the injury. Mere violation of a statute does not make one liable for damages sustained, unless the violation be the proximate cause of injury. *Railroad Co.* v. *McGowan*, 62 Miss., 682; *King* v. *Henkie*, 80 Ala., 505. If it be true that the state of mind of the boy was analogous to that of one *non compos*, or insane, thus rendering him morally unaccountable, it is still true that it is due to his negligence and wantonness, without which the injury would probably not have occurred. See 1 Suth. on Dam., 56, 57, 70.

WHITFIELD, J., delivered the opinion of the court.

This is an action instituted under § 663, code 1892, by appellant to recover damages for the loss of the services of his minor son, resulting from his death by reason of the negligence, as alleged, of appellee, a druggist in the city of Vicksburg, in selling to said minor, in wilful violation of § 1252, code 1892, chloroform, which, after such sale, he drank and died. There were two declarations. The first contained two counts. In the first count it is alleged that the minor was "a minor of tender years, who was at this said time (the time of sale) employed as a clerk in a grocery store, and was earning for such services a reasonable and substantial compensation," and that on "February 20, 1894, he applied to appellee to purchase two ounces of chloroform, the same being a dangerous and deadly poison, and of that class of drugs which, by statute, druggists are prohibited from selling to minors," and that the appellee, "in wilful,

negligent and open violation of the statute, sold said poison to said minor, and said minor did soon thereafter take said poison internally, and by reason thereof in a few hours died."

The second count describes the minor simply as "a minor," omitting the phrase "of tender years," and adds that the sale was made to him "while he was intoxicated, from an excessive use of liquor, to such an extent that he was wholly incapable of exercising any reasonable degree of caution or prudence, and to a degree that was evident from his general appearance."

Appellee interposed a demurrer, upon the grounds, first, that it did not appear that the sale was the proximate cause of the injury; second, that the minor was himself guilty of the act which caused the injury, and that it did not appear that the minor was not of years of discretion; third, that the minor would have had no right of action, and, hence, the appellant had none; and, sixth, that the declaration did not show that the defendant knew, or had reason to believe, that the chloroform would be taken or used by the said minor to his injury or detriment, etc.   The demurrer was sustained.

Appellant then filed an amended declaration, setting out the same facts as in the second count of the original declaration, adding that the appellee "kept in stock various poisons, which, from their very nature, it was incumbent on her to handle with great caution, and to sell such drugs to only such persons as she knew to be cautious and prudent, or to whom, from their general appearance, she would reasonably suppose were prudent and cautious, and capable of using said drugs as prudent, cautious, and intelligent people commonly do."

The same demurrer was interposed to this declaration and sustained, and the suit dismissed, and this action of the court is the error assigned.

Counsel for appellant insists that the first count of the first declaration presents the minor as one not of years of discretion, and, hence, not chargeable with contributory negligence. The phrase "minor of tender years," occurring in pleadings in

various connections—as, in answers of guardians *ad litem* appointed for minors in probate proceedings—may embrace as well minors of twenty years as twenty months. Counsel cites Whittaker's Smith on Negligence as saying: "The doctrine of contributory negligence does not apply to infants of tender age." But the remark cited by counsel is quoted, and the author then says: "This rule is scarcely satisfactory, because it is difficult to say what is or is not a tender age; but a better rule, which would probably excuse the negligence of a child of tender age, is that a child is only bound to exercise such a degree of care as children of his particular age may be presumed capable of exercising." Whittaker's Smith on Neg., p. 411. It was easy for appellant to have stated the particular age.

In *Westbrook* v. *Railroad Co.*, 66 Miss., 566; *Vicksburg* v. *McLain*, 67 Miss., p. 4; and *Mackey* v. *Vicksburg*, 64 Miss., 780—cases invoked by counsel—the age is set out in the declaration, in the first and last at six years, in the second at eight. Whether, however, the phrase "minor of tender years," standing alone in a declaration in an action *ex delicto*, should be held, in the face of the rule that pleadings must be taken most strongly against the pleader, as importing legally a minor not of years of discretion, we are not called on to decide, for the declaration adds, as indicating age, that he was "employed as clerk in a grocery store, and earning a reasonable and substantial compensation," which was received by appellant, and used "to support said minor's mother." Under these allegations, this count presents a minor of years of discretion, capable of contributory negligence. So treating him, does the first count present a cause of action ?

It will be observed the count does not allege that the minor was inexperienced in the use of chloroform, that there was anything in the character or disposition of the minor that rendered it dangerous to put the chloroform in his hands, or that he was ignorant of its use.

In *Poland* v. *Earhart*, 70 Iowa, 285, the defendant had sold

a minor, in contravention of statute, a pistol. The minor accidentally shot himself. The court says: "The immediate cause of these injuries was not the sale of the weapon . . . but the accident which subsequently occurred. If plaintiff, then," the mother, "has a cause of action, it must be founded on the fact that the accident . . . might reasonably have been anticipated by the defendant as a consequence of the sale of the weapon to him. But there are no allegations.in the petition showing that such injury ought to have been anticipated as a consequence of the act. . . . It is not alleged that he was ignorant of the character of the weapon sold him, or. that he was inexperienced in the use of such weapons; neither is it shown that there was anything in his character or disposition that rendered it dangerous to place a weapon of that kind in his hands. It cannot be said that defendant might reasonably have anticipated that an accident would occur from the handling of the weapon, from the fact alone that the person to whom he sold it was a minor." The necessity of similar allegations is shown in *Carter* v. *Towne*, 98 Mass., 567 (where, in the case of a boy eight years old, the declaration alleged that the boy had no experience in the use of gunpowder, and was an unfit person to be intrusted with it, all of which the defendant well knew, and that the boy, in ignorance of its effects, and using the care of which he was capable, exploded it, and was injured), and in Thompson on Negligence, vol. 1, p. 232, and 1 Sutherland on Damages, § 19.

In *King* v. *Henkie*, 80 Ala., 510, where whisky was sold to one alleged to be so drunk as to be "destitute of reason and sense," in violation of statute, and he drank it and died, the court says: "Had it not been for the drinking of the liquor after the sale, which was a secondary or intervening cause co-operating to produce the fatal result, the sale itself would have proved entirely harmless. Hence, it cannot be said that the wrongful act of the defendants in making the sale of the liquor caused the death of King, but rather his own act in drinking it."

In 105 U. S., 249, where one injured on a railway train became subsequently insane, and eight months later took his life, the court says: "The argument is not sound which seeks to trace this immediate cause of the death, through the various stages of mental aberration, physical suffering, and eight months' disease and medical treatment, to the original accident on the railroad. Such a course of possible, or even logical, argument would lead back to that 'great first cause least understood,' in which the train of all causation ends." Mr. Sutherland says, vol. 1 of his work on damages, § 34: "If one's fault concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for such unexpected result."

We think it clear that the death cannot here be concatenated with the sale, as cause with effect, but is due to the new will of the minor intervening, and operating as an independent cause to produce it, and the first count, therefore, presents no cause of action.

The second count presents the minor as one of years of discretion, and intoxicated from an excessive use of liquor to such an extent that he was wholly incapable of exercising any reasonable degree of caution or prudence, and to a degree that was evident from his general appearance, omitting the phrase "of tender years," and also omitting the allegations noted as absent from the first count.

The court says, in 80 Ala., pp. 510, 511, the case of an intoxicated adult: "If we admit that the state of mind thus produced was analogous to that of one *non compos*, so that the deceased was . . . so unconscious as to be, at the moment, incapable of knowledge or consent, yet the fact confronts us that this condition was the result of his own negligence, and, without it, the death would not, probably, have occurred. The deceased, by the exercise of ordinary care, might have escaped making himself helplessly drunk. By not doing so, he was the author of his own death," etc.

It seems to be clear that voluntary intoxication on the part of an adult is such contributory negligence as bars a recovery. Patterson's Railway Accident Law, p. 74. And we think that a minor old enough to earn, as clerk in a grocery store, a reasonable and substantial compensation, and old enough to be about town drunk—and that is the case made by the second count on this point—is old enough to be chargeable with contributory negligence, arising from voluntary intoxication. It is true contributory negligence is a defense, and the declaration need not aver its absence. *Hickman* v. *Railroad Co.*, 66 Miss., 154. But when, as here, the declaration, on its face, avers facts showing the contributory negligence, the defense by demurrer is then as perfect as the defense on the facts showing in evidence the contributory negligence would be later. It follows that the minor, if he had survived, could not have maintained an action.

This action by the father is purely statutory. The statute provides that " whenever the death of any person shall be caused by any such wrongful or negligent act or omission as would, if death had not ensued, have entitled the party injured . . . to maintain an action . . . in respect thereof, and such deceased person shall have left . . . a father, the person . . . that would have been liable if death had not ensued . . . shall be liable . . . notwithstanding the death."

" The condition that the action must be one which could have been maintained by the deceased, had it failed to produce death, or had not death ensued, has no reference to the nature of the loss or injury sustained, or the person entitled to recover, but to the circumstances attending the injury, and the nature of the wrongful act or omission which is made the basis of the action." 80 Ala., 509. " It defines the kind and degrees of delinquency with which the defendant must be chargeable in order to subject him to the action." *Whitford* v. *Panama R. R. Co.*, 23 N. Y., 465.

The liability of the appellee depends on the nature and quality of her act in making the sale, as characterized by the circumstances of the sale, as between her and the minor. This act takes its legal quality and color not only from what she did in making the sale, but from the presence or absence on the minor's part of such contributory negligence in his conduct at the time as would bar him had he lived and sued. The presence of such contributory negligence, if it existed, is an essential part of the legal quality of the act, as imposing liability as between the minor and the appellee, and it is only where he, had he survived, could have sued, that the father, if he dies, can sue. The action is statutory, and must fall within the statute. The action is not, as in Cook's case, 63 Miss., 38, to recover for loss of service intermediate the injury and the death, but for loss of service caused by the death, for which no action lay at common law. Cooley on Torts, 2d ed., p. 307. It follows that, as the second count presents no cause of action maintainable by the minor had he survived, none vested in the father.

The amended declaration sets out—so far as liability is concerned—substantially the same facts as the second count of the original declaration, adding the allegations indicated above as to the duty of appellee to exercise great care in handling such articles, etc. Counsel invoked the decisions made in railway cases, to the effect that, where one discovers another in a position or condition of peril, and wholly incompetent to care for his safety, and such utter incompetency is known to the first party, such party must graduate his care, in the particular instance, by all these facts of peril, of position or condition, and known utter incompetency, to escape liability. This is sound law. But the allegations in this amended declaration, on the most liberal construction, fall far short of presenting the case of one absolutely without mind, whose utter want of mind was known to appellee.

The allegations in the Alabama case were that the defendant

knew deceased was a man of known intemperate habits; that
he went into the "saloon in a helpless state of intoxication,
destitute of sense and reason, this sense and reason being over-
thrown by the use of intoxicating liquors, and his mental fac-
ulties thereby so impaired that he did not know what he was
doing, and incapable of knowing what he did, and incapable
of consenting to anything; and that, in this condition of help-
lessness and mental darkness, the defendants, then and there
knowing his mental condition, his want of mental power to
consent to anything, or to know what he was doing," sold, etc.;
and yet the court said that his act in drinking was the proxi-
mate cause of the death, and that this "must be true, what-
ever the condition of his mind or state of his intellect." We
do not desire to be understood as sanctioning this utterance in
all its breadth. We confine ourselves to the case made in this
record, whether one who sells the articles inhibited in § 1252,
with knowledge of his mental condition, to one absolutely
without mind, is absolutely liable for all that follows;
"whether," to use the language of the Supreme Court of
Massachusetts, 98 Mass., p. 569, "he who, with knowledge of
the party's mental condition, delivers a cup of poison to an
idiot, or puts a razor into the hands of an infant in its cradle,"
is so absolutely liable, on the principle that, in such case, it
cannot logically be said that any one act on the part of such
person could be reasonably anticipated by the defendant rather
than any other act; that, in the case of one without mind ab-
solutely, all acts, rational or irrational, are predicable with
equal reasonableness, and hence the defendant in such case is
absolutely liable for all that follows—we do not now decide.
It is enough that the amended declaration does not describe, in
this minor, one absolutely without mind. We do not think
the amended declaration states a cause of action.

Responding to request of learned counsel for appellant, we
say, he who violates § 1252, code of 1892, is punishable for such
crime, by fine and imprisonment, under § 1454, and is civilly

guilty of negligence *per se*, but whether such negligent act makes him liable for the special damage sustained, depends upon whether it is the proximate cause of the injury. *Bin for* v. *Johnston*, 82 Ind., 426; *Crawley* v. *Railroad Co.*, 70 Miss., 340. See generally for the most accurate discussion of the whole subject that has fallen under our eye, the exhaustive note of 36 Am. St. R., pp. 807–861. We approve the criticism of *Harrison* v. *Berkely*, 1 Strob., 525, on p. 830, but disapprove the criticism of *Poland* v. *Earhart*, 70 Iowa, 285, found on p. 817. The criticism overlooks, among other things, the fact that the minor was fifteen years of age, and hence, presumably, of years of discretion.

Reprehensible as the conduct of the appellee was, tested by these rules, the sale was the *causa sine qua non*, the drinking the chloroform the *causa causans*, and the judgment is

*Affirmed.*