[Civil No. 4736. Filed September 24, 1945.]

[162 Pac. (2d) 125.]

THELMA COLLIER, Appellant, v. MILTON STAMATIS, Appellee.

Mr. V. L. Hash, for Appellant.

Messrs. Kramer, Morrison, Roche & Perry, for Appellee.

KELLY, Superior Judge.—This is an appeal by plaintiff from a final order dismissing her complaint upon defendant's motion, the ground assigned being that it fails to state a cause of action.

To recapitulate the allegations of the complaint briefly, but with no omission affecting the merits, they are: That the defendant, a licensed tavern keeper, un-

lawfully sold a tall drink of highly intoxicating liquor to a child of the age of fifteen years; that the child drank of the liquor and immediately became intoxicated; that her intoxication led forthwith to her detention by officers of the law as a juvenile delinquent; that the plaintiff, as the mother of said child and having her sole custody, has been deprived *inter alia* of the services of said child. Her prayer is for both compensatory and punitive damages.

As an incident to the appeal, and because the trial court struck from the complaint the prayer for exemplary damages, appellant asks also for an advisory opinion as to whether under the facts exemplary damages may be assessed.

There is disagreement between counsel for appellant and appellee as to the precise basis for the order of dismissal, or, more precisely, as to whether the order itself or the reason assigned for it is the subject of the appeal. The reasons assigned are surplusage; it is only the correctness of the judgment and not of the process of reasoning by which it was come to that will be considered.

The material allegations of the complaint and all reasonable intendments arising from them are presumed to be true. By them it clearly appears that the sale was unlawful; that at least consequentially thereto the plaintiff has suffered a damage which the law recognizes as compensable. The action being founded upon tort, the substantial question presented for solution by this appeal is one as to whether, upon the facts as stated in the complaint, an issue of fact is tendered and could be submitted to court or jury for determination, under established principles of liability for tort, that the wrongful act in making the sale was a proximate cause of the resultant damage.

For the appellant many cases are cited which hold that the violation of law is *per se* negligence, and

actionable when damage results therefrom. There can be no dissent from this principle, very aptly set forth in *Salt River Valley Water Users Ass'n* v. *Compton,* 39 Ariz. 491, 8 Pac. (2d) 249, 251:

"Actionable negligence may be of two kinds, either statutory or common law. Where a valid statute, enacted for the public safety, or governmental regulations made in pursuance thereof, provide that a certain thing must or must not be done, if a failure to comply with the regulations is the *proximate cause* of injury to another, such failure is actionable negligence per se" (citing cases).

Nothing could be more apparent than that the intoxication as here complained of would not have occurred if the sale had not been made. But this does not answer the question as to whether this act is the proximate cause of the injury, or whether as a cause it is not superseded by the voluntary act of the purchaser in imbibing the drink.

Both parties to this appeal rely strongly upon the Arizona case of *Pratt* v. *Daly,* reported in 55 Ariz. 535, 104 Pac. (2d) 147, and 130 A. L. R. 341, the appellee particularly stressing the dissent therein by Judge Ross. The opinions in that case are indeed scholarly in setting forth both the majority and minority views, and a clear understanding of them will almost wholly dissipate every doubt as to the proper disposition of the instant case.

The dissenting opinion sets forth the rule followed with singular unanimity by the courts that when damage arises from voluntary intoxication the seller of the intoxicant is, at common law, not liable in tort for the reason that his act is not the efficient cause of the damage. The proximate cause is the act of him who imbibes the liquor. When a remedy exists against the liquor dealer it is because his liability is established by legislation usually referred to as Civil Damage Acts. The validity of that position was explicitly recog-

nized by the majority opinion, but it was held that under the facts with which they were dealing, and by analogy from the common law liability of the dispenser of habit-forming and will-destroying drugs, the tavern keeper was liable at common law for his tort in dispensing the liquor to one who, by reason of the destruction of his will or power to resist the temptation of drink *was incapable of voluntary action.* In this view there was no break in the chain of causation from the sale to the damage. As an efficient cause the act of drinking was merged into the act of sale. Upon this narrow ground, supported by extremely close reasoning, rests the decision and the liability of the seller.

The plaintiff appellant herein urges the applicability of this holding to the facts of her case, with the addition that the violation of the Statute, (Section 72–113, Arizona Code Annotated 1939), making it a high misdemeanor to sell intoxicating liquor to a minor is negligence *per se* and makes the seller liable as for tort. It is reasoned that this statute was enacted for the protection of minors and is in effect the equivalent of the Civil Damage Act known to many jurisdictions, and that its penal provisions do not exclude a civil liability based on a breach thereof.

It is my view that the Statute in question cannot be fairly construed to have this effect. It is found in a Chapter of which this Court has said, *Stanton* v. *Superior Court,* 55 Ariz. 514, 103 Pac. (2d) 952, 953, "(it) is an attempt to establish a complete general code regulating the sale of intoxicating liquor in Arizona." Its purpose is to regulate the business rather than to enlarge civil remedies. The prohibition relied upon appears in *pari materia* with other prohibitions which if given the effect contended for would lead to such anomalous results as to make the tavern keeper civilly liable for damages consequential to sales of

liquor between certain hours of every day, and on election days, leaving him otherwise immune under common law principles. He would be liable for the damages consequential to a sale to a barfly, or to a patron for her use, but immune against the like claim of an honest customer. The various prohibitions of the statute are in complete harmony with the view that the legislative intent was to police the traffic, but in no way consistent with a purpose to establish a new civil remedy. It may indeed not be wholly without significance that the command to the tavern keeper not to sell to a minor is of no higher sanction than that to the minor not to buy. Both prohibitions appear in the same sentence and carry the same criminal penalty for their violation.

■ As pointed out in Judge Ross's dissent in *Pratt v. Daly, supra,* as a search of the authorities confirms, and as the prevailing opinion frankly concedes, it has been held by all the courts and by every commentator that the proximate cause, as the expression is understood in the law of torts, of the resultant effects arising from voluntary intoxication is the act of the drinker, and not the act of the seller of the beverage. The principle is epitomized in the truism that there may be sales without intoxication, but no intoxication without drinking.

It is to be considered whether the child, because of her nonage and the statutory prohibition upon the dealer not to sell, and upon the minor not to buy, places her in the class of the purchaser in the Pratt-Daly case and renders causally nugatory her own act in drinking, or whether on the contrary she was capable in law of having or giving effect to her own will to consume or to refuse the drink she had caused to be set before her.

■ For clarity it must be emphasized that no element of fraud, coercion, enticement, invitation, or inducement is charged against the tavern keeper, nor

more than that the order for the drink was given and the order filled. Perhaps because that symptom characterized by the poetic idiom "flaming youth" may be a development peculiar to the modern era there is a dearth of reported cases involving the liability of tavern keepers for sales of liquor to infants, but it is entirely reasonable to imply that a liability would exist for such unfortunate results as might with ordinary care be foreseen from a sale to a child so young as not to have a discretion or a will to refuse the drink, thus bringing the case within the rule of Pratt v. Daly, or when by corrupt temptation held before him his will is broken down and the act of drinking becomes merged into the act of selling or giving the drink.

 It cannot be said as a matter of law that a child of fifteen has neither will nor choice nor discretion whatever. To the contrary at long before that age the child was accountable at the common law for crime and for torts. Under our statute, a child of fourteen is declared capable of committing a crime, and even at more tender years he may be held so capable upon clear proof of his knowledge of the *wrongfulness* of the act. At fourteen he is declared *sui juris* for the receipt of benefits under the workmen's compensation law. At long before that age the law presumes the child sufficiently capable of just impressions that he is allowed to give testimony. In connection with this case these or related statutory provisions have no significance other than as responsible statements they represent matured conceptions, in accord with common experience, that even in the years of their adolescence children have power of observation, understanding, and volition. For their choice of action within a wide range they owe an accountability to the law. It is reasonable to presume, in the absence of specification and pleading to the contrary, and even enforced upon us by an acceptance of the facts of nature, that by age fifteen a

child has learned and knows that indulgence in strong drink is wrongful and calculated to produce injurious results, the first of which is intoxication. There is a peculiar significance, in considering whether a parent may saddle upon the back of another the burden arising from her own child's misconduct, in a portion of another opinion cited with approval in *Salt R. W. U. Ass'n* v. *Compton, supra,* that points to the danger of changing the channel of common law liability upon "sentimental considerations, however elevated and tender, if it shall go to the extent that every landowner will be liable for injuries to his neighbor's children under the new doctrine except the neighbor himself." Assuredly, the delinquency, arrest, and detention for which lie at the base of the damage alleged, had the same existence before the drink was ordered, bought, and taken as it had afterwards. It did not immediately arise. The intoxication was the means by which it was forced upon public and official notice. The child having a free will, being competent to make her own choice to drink or not to drink, was herself under universally expressed principles of the common law the author of her own injury.

A case of this nature where the resultant damage is attributable to the child's own voluntary act is readily distinguishable from that line of cases, of which the cited one of *Watson* v. *Taylor,* 35 Okl. 768, 131 Pac. 922, is typical, in which it is held that an outrage committed upon a child even with her consent, she being under the age at which in law she has a consent to give, is tortious and actionable. The author of the wrong and of the resultant violation and damage is not the child; the author is truly her assailant, the violator of the law. As clearly, in the imbibing of alcoholic drink the proximate cause of the resultant intoxication is the voluntary, independent, uncoerced, uninvited self-indulgence of him who knowing the difference between

right and wrong and the injurious effects apt to follow yet holds the cup to his own lips and drinks.

There being then no cause of action for actual damage there is nothing upon which the prayer for punitive damages may rest.

The judgment of the trial court being in all ways correct, it must be and it is hereby affirmed.

STANFORD, C. J., and MORGAN, J., concur.

LaPRADE, J., being disqualified, the Honorable HENRY C. KELLY, Judge of the Superior Court of Yuma County, was called to sit in his stead.