KECK v. WOODRING.

No. 33108.   July 13, 1948.

Rehearing Denied Oct. 12, 1948.

Second Petition for Rehearing Denied July 19, 1949.

*208 P. 2d 1133.*

A. O. Manning, of Fairview, for plaintiff in error.

R. L. Minton, of Sayre, and Arney & Barker, of Clinton, for defendant in error.

WELCH, J.   This is an action for damages instituted by Robert Woodring, a minor, by his father and next friend, R. L. Woodring, against G. E. Keck.

The petition states that plaintiff was a minor of the age of 15 years; that defendant left a large dirt loader machine upon certain described church grounds and premises; "that the plaintiff and a number of other boys and girls had congregated around and upon said loader machine and were standing and talking to each other; that the plaintiff himself was standing upon the crane part of the loader, which part was left in the air at about a 45-degree angle, and that as he was standing with his right hand ahold of the chain which was used to raise and lower the crane part of said loader, suddenly said crane part of said loader fell to the ground and that as it fell the plaintiff's right hand was drawn into a pulley by the chain and his fingers were severly mashed and amputated. That said accident and his resulting injuries were the direct and proximate result of the carelessness and negli-

gence of the defendant in the following respects:

"That said defendant carelessly and negligently permitted said loader to remain on the premises of said church with the loader or crane part lifted into the air where it was likely to fall upon and injure the many persons whom he knew or should have known would pass near or to come in contact with said machine, and particularly this plaintiff.

"That said defendant carelessly and negligently failed to place the loader crane upon the ground and in such position that it could not fall and injure persons."

Defendant denied negligence and asserted trespass and that the injuries were due to the negligence of the plaintiff.

A verdict was returned in favor of the plaintiff. From the judgment rendered therein, defendant appeals.

The case was presented on the theory of "attractive nuisance." The specific act of negligence complained of was the failure of the defendant to place the loader crane upon the ground and in such position that it could not fall and injure persons.

Some months before the accident, defendant, with permission of the pastor in charge, had parked his dirt loading machine upon the grounds of a rural church. The grounds consisted of an acre of unenclosed land lying along the public highway. On one end of the grounds there was located a church auditorium, a building wherein the pastor resided, and a garage. At the other end of the grounds defendant's machine was parked and near a hog pen and an outdoor toilet. The machine was within sight of those traveling upon the highway. Robert Woodring, herein referred to as plaintiff, testified that he had observed the machine from time to time over a period of months and while driving along the highway; that on a Sunday afternoon, the day of the accident, he and others were out driving in an automobile and drove into the church yard for the pur-

pose of looking over and examining the machine; that while examining the same he and others climbed upon the machine and out upon the crane or dirt loading conveyor arm of said machine and while they were there it fell to the ground producing the injury complained of. The record reflects that at the time of the accident Robert was at the age of 14 years and ten months; that he was a high school student and an accomplished musician and piano player. There was testimony to the effect that children often played upon the churchyard and that the machine was of such strange appearance as might be said to constitute an attraction and an allurement to children.

It is undisputed that a part of the church yard was reserved for the use of the defendant in storing his machine and such part was away and apart from the area dedicated to the usual functions of the church.

The situation is not such as if defendant's machine had been left upon the public highway. Church property is private property. 50 C. J. 745.1. Although it might be said from the very nature of religious services and functions that there usually exists an express or implied invitation to all persons to enter church premises, nevertheless, such an invitation cannot be said to be without limit, but is necessarily limited to such parts of the premises as reasonably appear to have been designed, adapted and prepared for the accommodation of such persons, and to those parts to which such invitees reasonably may be expected to go, in view of the nature of the invitation given.

There is no evidence that plaintiff went upon defendant's machine by invitation, express or implied. He having entered a part of the premises reserved for the use of the defendant, occupant, and to which there was no express or implied invitation to go, there can be no recovery for resulting injury, even though he may have been an invitee or, at the least, licensee to other parts

of the premises. Clearly, plaintiff was a trespasser upon the property of the defendant and the only duty the defendant owed the plaintiff was to not willfully or wantonly injure him. Ramage Mining Co. v. Thomas, 172 Okla. 24, 44 P. 2d 19. Without an invitation, express or implied, no duty of active care arises. City of Grandfield v. Hammonds et al., 100 Okla. 75, 227 P. 140.

In the Ramage case, supra, it was said in the syllabus:

"The only duty the owner of premises owes a trespasser is not to willfully or wantonly injure him; ordinarily no duty of anticipating his presence is imposed. In the case of a licensee the landowner must not wantonly and willfully injure him, and if the premises are inherently dangerous or if there is a dangerous instrumentality thereon, such as highly dangerous explosives, exposed electric wires and the like, it is usually willful or wanton negligence n o t to exercise ordinary care to prevent injury to a person who is actually known to be, or reasonably is expected to be, within the range of such danger.

"The r u l e of attractive nuisance arises in a case where the premises are sufficiently attractive to allure children to the danger, and where the situation is such as to suggest to the landowner the probability of such allurement and an accident arising therefrom.

"The doctrine may be invoked in a case where the child injured by reason of an attractive nuisance is an invitee, a licensee, or trespasser; a child under seven years of age, or in the absence of evidence of capacity, between seven and 14 years of age, being presumed to be incapable of guilt of more than technical trespass."

The rule of attractive nuisance is intended for the protection of children of tender years who from immaturity are incapable of exercising a proper degree of care for their own protection. As was said in Wilson v. Chicago, G. W. Ry. Co., 175 Iowa, 101, L. R. A. 1917F, 1024, 156 N. W. 877:

"These cases of attractive nuisance deal only with children who are not sufficently mature a n d discreet to have legal capacity to assume a risk. If one is of mature age, or of sufficient age to know and appreciate the danger that attended his act, even though attracted by the instrumentality, he cannot complain if he is injured. He cannot go into a place the danger of which he appreciated and understands, even though attracted to it, and recover if he is injured."

Whether the child was of an age and capacity to understand and avoid danger is usually a question for the jury, but it may be stated as a settled rule in this state that after the age of 14 all minors are prima facie presumed to be capable of the exercise of judgment and discretion. Plaintiff being over the age of 14, and there being no evidence of lack of capacity, but, on the contrary, there being evidence that plaintiff was of advanced intelligence, the trial court should have held as a matter of law that the rule of attractive nuisance could not be invoked.

The judgment is reversed, and the cause remanded, with directions to dismiss the action.

HURST, C. J., DAVISON, V. C. J., and GIBSON, and LUTTRELL, JJ., concur. CORN, J., dissents.

