Billy T. McCLELLAND and Bessie McClelland, Plaintiffs–Appellants,

v.

HARVIE KOTHE—ED RIEMAN, POST NO. 1201, VETERANS OF THE FOREIGN WARS OF THE UNITED STATES, INC., a corporation, Defendant–Appellee.

Thomas S. ARNOLD and Vicki Arnold, individually and as parents and best friends of Gregory Arnold, a minor, Plaintiffs–Appellants,

v.

The MUSKET CORPORATION, d/b/a Love's Country Store (Liberal, Kansas), Defendant–Appellee.

Pearl MATLOCK, individually and as administratrix of the estate of Donald Kent Matlock, deceased, Plaintiff–Appellant,

v.

TUMBLEWEED BALLROOM, INC., an Oklahoma corporation, Defendant–Appellee.

Nos. 64079, 64684 and 69621.

Supreme Court of Oklahoma.

March 7, 1989.

As Corrected March 17, 1989.

Patrick E. Carr, Messrs. Carr & Carr, Tulsa, for appellants, Billy T. McClelland and Bessie McClelland.

Nancy J. Siegel, Richards, Paul & Wood Tulsa, for appellee, Harvie Kothe—Ed Rieman, Post No. 1201, Veterans of the Foreign Wars of the U.S., Inc., a corporation.

Howard K. Berry, III, Berry & Berry, P.C., Oklahoma City, for appellants, Thomas S. Arnold and Vicki Arnold, individually and as parents and best friends of Gregory Arnold, a minor.

Mickey Walsh, Manners, Merz & Walsh, Oklahoma City, for appellee, The Musket Corp., d/b/a Love's Country Store (Liberal, Kansas).

R. Jay McAtee, Daniel W. Lowe, P.C., Tulsa, for appellant, Pearl Matlock, individually and as administratrix of the estate of Donald Kent Matlock, deceased.

H.M. Wyatt, III, H.M. Wyatt, III, P.C., Stillwater, and Roger R. Williams Joseph F. Clark, Jr., Williams, Clark, Baker & Earl, P.A., Tulsa, for appellee, Tumbleweed Ballroom, Inc., an Oklahoma corporation.

OPALA, Vice Chief Justice.

The issue dispositive of all three appeals is whether a claim against an alcoholic beverage vendor for harm occasioned to an intoxicated consumer or another is actionable when the injurious event occurred be*fore* the effective date of our pronouncement in *Brigance v. Velvet Dove Restaurant, Inc. [Brigance I].*[1] We now grant certiorari in all three cases, consolidate them for disposition by a single opinion and answer the question in the negative.

I.

## THE CRITICAL FACTS OF THE THREE CASES ON CERTIORARI

A.

### APPEAL NO. 64079

Billy T. and Bessie McClelland [plaintiffs] sued Harvie Kothe—Ed Rieman, Post No. 1201, Veterans of the Foreign Wars of the United States, Inc. [defendant], for serving alcoholic beverages in its lounge to an intoxicated person who, while recklessly driving his car in an inebriated state, struck and seriously injured Billy T. McClelland *in July 1982.*

The plaintiffs alleged that the defendant had a duty 1) not to serve alcoholic beverages either to an already intoxicated person or to one who is known to drink and drive frequently and 2) to operate its business in a manner which protects the public from the very harm which generated this lawsuit. Furthermore, the terms of 37 O.S.1981 § 537(a)(2),[2] which prohibit the sale of alcoholic beverages to an intoxicated person, were alleged to have created a duty whose breach gives rise to a legally cognizable claim.

---

1. Okl., 725 P.2d 300 [1986]. Our pronouncement in *Brigance I* became effective *October 3, 1986,* the date mandate issued therein. A second appeal, considered in *Brigance v. Velvet Dove Restaurant,* Okl., 756 P.2d 1232 [1988] [*Brigance II*], dealt with arguments unrelated to the single issue before us today.

2. The terms of 37 O.S.1981 § 537(a)(2) are:

"(a) *No person shall:*

\* \* \* \* \* \*

2. *Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person* or to any person who has been adjudged insane or mentally deficient;

\* \* \*" [Emphasis added.]

The penalty for violating the quoted section is prescribed by 37 O.S.1981 § 538(g), whose terms are:

"(g) *Any person who shall knowingly sell, furnish or give alcoholic beverage to an* insane, mentally deficient, or *intoxicated person shall be guilty of a felony,* and shall be fined not more than One Thousand Dollars ($1,000.00), or imprisoned in the State Penitentiary for not more than one (1) year, or both such fine and imprisonment." [Emphasis added.]

Sections 537 and 538 have been amended but the changes do not affect today's pronouncement in these cases. See Okl.Sess.L.1985, Ch. 6 §§ 34 and 35 at 47 and 51–52, respectively, and Ch. 283 § 4 at 1216–1217; Okl.Sess.L.1988, Ch. 237 § 3 at 1055.

Upon defendant's motion, the trial court dismissed the suit for failure to state a claim. The Court of Appeals held that the common law and the terms of § 537(a)(2), as well as those of 76 O.S.1981 §§ 1 and 5(a),[3] impose a duty whose breach is redressible in a civil action.

### B.
### APPEAL NO. 64684

The plaintiffs in this case are Gregory Arnold and his parents, Thomas S. and Vicki Arnold. They sued the Musket Corporation, d/b/a Love's Country Store (Liberal, Kansas) [defendant], for selling beer to their co-plaintiff son, who had driven to Kansas to buy the beverage *in February 1984.* He was nearly 16 years old at the time. After returning to this state, he drank several cans of beer, became intoxicated and was injured in Oklahoma when he lost control of his vehicle.

Viewing the claim as one based on a violation of the Kansas statute which prohibits the sale of beer to minors, the trial court concluded that our law affords no relief against a beer vendor for injuries sustained by a purchaser who is injured after becoming intoxicated from drinking the beverage.[4] Summary judgment went to the defendant.

The Court of Appeals reversed, holding that because, like Kansas, Oklahoma also prohibits by statute the sale of intoxicating beverages to minors,[5] this state's public policy imposes on the defendant a duty not to sell any beer to a minor.

### C.
### APPEAL NO. 69621

Pearl Matlock [plaintiff] sued Tumbleweed Ballroom, Inc. [defendant], alleging negligence in serving alcoholic beverages to her nineteen-year-old son, Donald Kent Matlock, after he had already become noticeably intoxicated. Soon after leaving the premises, the minor died in a one-car accident. The injurious event occurred *in February 1986.*

The trial court dismissed the action for failure to state a claim upon which relief could be granted. The Court of Appeals reversed, holding that because the statute prohibiting the sale of liquor to minors as well as to intoxicated persons creates a duty not to do so, its breach is civilly actionable.

### II.

### THE COMMON LAW'S (PRE–*BRIGANCE I*) CAUSATION RULE POSES AN INSUPERABLE BARRIER TO RECOVERY IN ALL THREE CASES

By the common law of England and that effective in Oklahoma before *Brigance I,*[6] a tavern owner may not be held liable for furnishing alcoholic beverages to one who, after becoming intoxicated, injures either

---

**3.** The terms of 76 O.S.1981 §§ 1 and 5(a) are:
   "[§ 1] Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."
   "[§ 5(a)] Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself, and except as hereinafter provided."

**4.** As a predicate for applying negligence *per se,* the Arnolds plead a *violation* of the Kansas penal statute that prohibits the sale of beer to minors. Their brief-in-chief nonetheless concedes that the common-law causal barrier posed by the vendee's voluntary ingestion was in effect in Kansas when this claim arose. The very case they cite to us, *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731, 735–736 and 739 [1985], shows the correctness of this premise. Based on the sources of Kansas law the Arnolds tendered below and on which they rely on review, we must conclude that, at the time this claim arose, the applicable Oklahoma common law of causation did not differ from that of Kansas. See in this connection, *Benham v. Keller,* Okl., 673 P.2d 152, 153 [1983].

**5.** See 37 O.S.1981 § 537(a)(1), whose terms are:
   "(a) No person shall:
      1. Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;
      * * *."

**6.** *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1.

himself or another.[7] The rule applies even when the inebriated consumer is a minor above the age of discretion.[8] Claims do not lie against liquor vendors because—at common law—it is the drink's *voluntary consumption* rather than its sale that constitutes the *proximate cause* of the injuries sought to be redressed.[9] The common-law causation rule ascribes to the voluntary act of excessive ingestion the *causa causans* of the harm—its *sole* efficient legal cause. By force of law, voluntary consumption effectively and completely insulates the seller, as the original actor, from all civil liability.[10]

■ Oklahoma's jurisprudence underwent a drastic metamorphosis with our pronouncement in *Brigance I.* There, we departed from the common law, holding *for the first time* that a commercial vendor of

alcoholic beverages for on-the-premises consumption *must* exercise reasonable care not to sell or furnish liquor to persons who, by their noticeable inebriation, may appear to lack the capacity safely to operate a motor vehicle and are thus likely to subject others to an unreasonable risk of harm.[11] The rule announced in *Brigance I* applies *prospectively—only to that case and to all claims arising from and after October 3, 1986,* the date mandate issued.[12]

At the time of his injury the Arnold minor was nearly sixteen and Matlock minor nineteen years of age. Neither of them was below the common-law age of capacity or discretion.[13] All three claims before us clearly arose *before* the *Brigance I* mandate; they are hence governed by the common-law concept of causation which was then in force.[14]

7. *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 302; *Nolan v. Morelli,* 154 Conn. 432, 226 A.2d 383, 386 [1967]; *Sorensen by Kerscher v. Jarvis,* 119 Wis.2d 627, 350 N.W.2d 108, 113–114 [1984]. See also, Annot.: Right of action at common law for damages sustained by plaintiff in consequence of sale of intoxicating liquor or habit-forming drugs to another, 130 A.L.R. 352; Annot.: Common-law right of action for damage sustained by plaintiff in consequence of sale or gift of intoxicating liquor or habit-forming drug to another, 97 A.L.R.3d 528; Annot.: Liability of persons furnishing intoxicating liquor for injury to or death of consumer, outside coverage of civil damage acts, 98 A.L.R.3d 1230.

8. See *Collier v. Stamatis,* 63 Ariz. 285, 162 P.2d 125, 127–128 [1945]; *Meyer v. King,* 72 Miss. 1, 16 So. 245, 247–248 [1894]; and *Cavin v. Smith,* 228 Minn. 322, 37 N.W.2d 368, 369–370 [1949]. In *Meyer v. King, supra,* the court noted that a fifteen-year-old minor is *presumed* to be within the age of discretion; it held that the minor's act of drinking poison while intoxicated was *the sole efficient legal cause of his death*—its *causa causans*—and the father's claim against the liquor vendor was not actionable.
   At common law a child under the age of seven or, in the absence of evidence establishing capacity, one between the ages of seven and fourteen years, may not be held "accountable," or is conclusively presumed to lack the "discretion" or "capacity" for negligence; all three terms quoted are interchangeable. *City of Shawnee v. Cheek,* 41 Okl. 227, 137 P. 724, 732 [1913]; *Ramage Mining Co. v. Thomas,* 172 Okl. 24, 44 P.2d 19, 23 [1935]; *Keck v. Woodring,* 201 Okl. 665, 208 P.2d 1133, 1135 [1949]; and *Collier v. Stamatis, supra.* At common law, the minimum age of civil liability, "capacity" or "discretion" for negligence is the same as that which governs

criminal accountability. See 21 O.S.1981 § 152(1) and *Collier v. Stamatis, supra.*

9. *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 302. See also, Comments, Common Law Liability of Tavern Owners, 1971 Wash.U. L.Q. 645.

10. *The common law's rule of vendor nonliability rests on that legal system's concept of causation.* The causal barrier imposed by the rule *insulates the vendor from civil accountability regardless of whether the vendor could foresee* harm to the vendee or others. The chain of legal causation between the selling of the alcohol and the subsequent injury *is deemed to have been broken or superseded—as a matter of law—by the purchaser's voluntary act in imbibing the drink. Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 305; *Ontiveros v. Borak,* 136 Ariz. 500, 506, 667 P.2d 200, 206 [1983] (citing *Collier v. Stamatis, supra* note 8, 162 P.2d at 126); and *Pratt v. Daly,* 55 Ariz. 535, 104 P.2d 147, 148 [1940].

11. *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 304.

12. See *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 306.

13. See *supra* note 8, for the common-law age limits for "capacity", "accountability" or "discretion".

14. So long as its causal barrier posed by vendee's voluntary ingestion stands unabrogated either by statute or jurisprudence, the common-law rule of liquor vendor nonliability must be regarded as continually viable. See *Ontiveros v. Borak, supra* note 10, 136 Ariz. at 507, 667 P.2d

The plaintiffs sought to predicate their demands on common-law negligence, negligence per se resulting from violation of a statute, or directly on a breach of duty imposed by a penal statute. Because the common law's causation barrier stood unabrogated at the time each of the injurious events occurred and hence raises an insuperable impediment to recovery *on any theory of liability* that was pressed below,[15] none of the claims can be deemed actionable.[16]

OPINIONS BY THE COURT OF APPEALS VACATED AND THE TRIAL COURTS' DECISIONS AFFIRMED.

Appeal No. 64079

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs in result.

KAUGER, J., concurs in part and dissents in part.

Appeals Nos. 64684 and 69621

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

ALMA WILSON, J., concurs in result.

KAUGER, J., concurs in part and dissents in part.

SUMMERS, J., dissents.

---

at 207, and *Alegria v. Payonk,* 101 Idaho 617, 618, 619 P.2d 135, 136 [1980].

**15.** The common-law's causal concept insulates the vendor from civil accountability to the vendee or third persons no matter what the plaintiffs' chosen theory of recovery may have been. *So long as it remains unabrogated,* the causation barrier poses an insuperable impediment to recovery sought to be predicated on (a) common-law negligence, (b) negligence *per se* based on breach of a legislatively-prescribed standard of conduct (see *Boyles v. Oklahoma Natural Gas Co.,* Okl., 619 P.2d 613, 618 [1980], and *Ontiveros v. Borak, supra* note 10, 667 P.2d at 211), (c) grossly negligent or wilful conduct in furnishing a harmful substance to a person who is known or should have been recognized as one with a subnormal capacity for self-con-

trol (see *Brannigan v. Raybuck,* 136 Ariz. 513, 516–517, 667 P.2d 213, 216–217 [1983] ), or (d) violation of a criminal statute claimed to confer an implied private right of action. *Brigance v. Velvet Dove Restaurant, Inc., supra* note 1 at 302; see also, *Ontiveros v. Borak, supra* note 10, 136 Ariz. at 506, 667 P.2d at 206. For the principles governing implication of a private right of action in a regulatory or penal statute, see *Holbert v. Echeverria,* Okl., 744 P.2d 960, 962–965 [1987], and *Ontiveros v. Borak, supra* note 10, 136 Ariz. at 510, 667 P.2d at 210 n. 3.

**16.** For the purpose of disposing of these cases we assume, but do not hold, that the abrogation in *Brigance I* of the common-law's causation barrier operates to benefit not only a third person injured by an intoxicated consumer but also the inebriated vendee himself.