Charles Daren KNOWLES, a minor, By and Through his father and guardian, Wendell KNOWLES; and Wendell Knowles, Appellants,

v.

TRIPLEDEE DRILLING CO., INC., a corporation; and State Oil Co., a corporation, Appellees.

No. 68616.

Supreme Court of Oklahoma.

March 14, 1989.

Concurring Opinion April 18, 1989.

Rehearing Denied April 18, 1989.

---

1. The Court of Appeals cited 59 O.S.Supp.1982 § 1332.

Abel, Müsser, Sokolosky & Clark by Glen Mullins, Oklahoma City, for appellants.

Fischl, Culp, McMillin, Chaffin & Bahner by F. Lovell McMillin, Ardmore, for appellees.

HODGES, Justice.

Daren Knowles (plaintiff) was severely injured while "riding" a moving pump jack on an oil well as a trespasser on defendants' lease. At the time of the incident, plaintiff was 12 years and 3 months old. Plaintiff's father brought this action against defendants seeking damages for personal injuries, based on the theory of attractive nuisance. The trial court granted the defendants' motion for summary judgment finding that there was "no substantial controversy as to any material fact." The Court of Appeals affirmed on the grounds that the plaintiff, by his own depositional testimony, established that he was fully aware of the danger in which he placed himself by mounting the pump jack.

Our consideration on review will be focused on whether the trial court erred in granting summary judgment for the defendants in a case based on the attractive nuisance doctrine. We find that this was error on the part of the trial court.

I.

The doctrine of attractive nuisance in the state of Oklahoma involves a balancing of interests between the interest of society in protecting its children and the right of landowners and proprietors to make use of their property in a lawful business. *J.C. Penney Company v. Clark*, 366 P.2d 637 (Okla.1961). While the defen-

dants would generally be under no duty to trespassers other than to avoid willfully, wantonly or intentionally harming them, the attractive nuisance doctrine is an exception to this rule when children of tender age are injured as a result of their trespass that brings them into contact with a dangerous condition on the premises. *Shell Petroleum Corporation v. Beers*, 185 Okl. 331, 91 P.2d 777 (1938). In making a determination as to whether the doctrine applies to a specific fact situation the following factors must be considered:

1) how uncommon the instrumentality is;
2) how unusually dangerous the instrumentality is;
3) how attractive the instrumentality is;
4) the probability of children coming into contact with the instrumentality;
5) whether the probability is so localized that harm can be avoided, or whether the probability is such that there is no indication of when and where the contact will occur;
6) how feasible it is to avoid danger of harm;
7) how great is the burden of avoiding the harm;
8) the effect of placing such a duty on a party; and
9) whether the child has an apparent intelligence and consciousness of the circumstances such that she/he could reasonably appreciate the danger or the lack of right to tamper with the instrumentality so that the duty to protect should not be imposed.

In the case of *City of Shawnee v. Cheek*, 41 Okl. 227, 137 P. 724 (1913), we found that a higher duty of care by the landowner is required if the doctrine applies and acts or omissions (that are apparently free from intent to injure) may be found to be wanton in nature rendering the landowner liable to a trespasser.

■ In the case before us the trial court granted the summary judgment and was affirmed by the Court of Appeals, both forums finding that no material fact existed that could be disagreed upon by reasonable people. However, we have held in the past that the question of whether the doctrine of attractive nuisance applies is a question of fact for the jury. *Keck v. Woodring*, 201 Okl. 665, 208 P.2d 1133 (1948); *Empire Gas & Fuel Co. v. Powell*, 150 Okl. 39, 300 P. 788 (1931). Questions of fact as to whether the instrumentality that caused the injury was attractive to children, accessible to children or adequately warned children of danger are also jury questions. *Stanolind Oil & Gas Co. v. Jamison*, 204 Okl. 93, 227 P.2d 404 (1950). More specifically, children under the age of 7 years and, in the absence of evidence of capacity, those children between 7 and 14 years of age have been presumed to be incapable of contributory negligence resulting in a greater duty of care being owed to these children by a landowner. The greater duty of care to trespassing children is further supported by this Court's decision that these children are capable of no more than a technical trespass. The burden of proving the nature of the trespass or capacity of the child as it relates to the defense of contributory negligence falls on the defendant and is, ultimately, a question for the jury to consider. *Cheek*, 137 P. at 732.

■ All of the factors as previously outlined must be weighed and determined before the doctrine of attractive nuisance is found to be applicable to a case. One of the key factors is the age of the plaintiff and his capacity to appreciate and understand the extent of danger involved in riding the oil well pump jack. Generally, these issues are questions of fact which should be resolved by a jury. *Keck v. Woodring*, 201 Okl. 665, 208 P.2d 1133, 1136 (1948). On this point defendants argue there are no disputed questions of fact as plaintiff admitted he had been warned by his father of the danger of oil wells, and in response to a question he answered that he knew this oil well "could be dangerous." As it was later developed by the father's deposition his warnings of danger went to the much larger oil rigs which they had previously seen together. There the father pointed out the danger of standing close to that type of oil well with its "big swinging weights." He told his son that many of

them were automatic and "don't get around them because they may kick in any minute." There was no warning of danger given to the smaller rigs. Therefore a jury could find that the twelve year old plaintiff did not appreciate and understand the extent of danger of the much smaller oil well. Once the jury determines plaintiff should receive the protection of the attractive nuisance doctrine, the other issues in the case become more clearly apparent.

Other important factors as shown by a recitation of the following facts also present questions of fact for a jury's consideration. On the day of the accident plaintiff was visiting two school boy friends who lived in the vicinity of the leasehold when they decided to go to a pond and creek located on the well site. They entered through an open gate and saw no warning or trespass signs. Upon their return from the pond they came across a small pumping oil well with a jack handle moving up and down like a "seesaw". Plaintiff was the last to "ride" the pump jack when his foot accidently got caught in the pump jack inflicting severe injuries to his foot, which resulted in seven operations and a prolonged absence from school. There was also testimony the unfenced well site did not have any warnings of danger from the pump jack. In addition, evidence was presented of family residences close to the leasehold and nearby communities of Lonewolf and Ardmore.

## II.

The purpose of granting a motion for summary judgment is to avoid a trial where there is no substantial controversy as to any material fact. A motion for summary judgment, therefore, should be viewed as an opportunity to review the evidence and determine whether there is any conflicting evidence pertaining to the existence of a fact. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521 (Okla.1985). However, there may not be a trial of the fact issues when a motion for summary judgment is presented. The trial court must refrain from weighing the evidence. *Steele v. Daisy Mfg. Co.*, 743 P.2d 1107

(Okla.App.1987). While it is proper for the trial court to view inferences or conclusions that can be drawn from the evidence, in favor of the nonmoving party, reversal of the summary judgment is mandatory if contrary inferences or conclusions can be drawn from the same evidence. *Ross v. Jacobs*, 684 P.2d 1211 (Okla.App.1984).

In light of the fact that we feel reasonable people could differ as to whether the doctrine of attractive nuisance is applicable in this case we find that the granting of summary judgment for the defendants was error on the part of the trial court. Therefore, the judgment of the Court of Appeals is vacated, the trial court is reversed and the case remanded for a new trial.

REVERSED AND REMANDED.

OPALA, V.C.J., and ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., and LAVENDER, SIMMS and DOOLIN, JJ., dissent.

SIMMS, Justice, dissenting:

This Court in *Lone Star Gas v. Parsons*, 159 Okl. 52, 14 P.2d 369 (1932), held that the ordinary boy of 13 or 14 years is of an age where he has sufficient intellectual ability to appreciate danger. In the case at hand the minor was between 12 and 13 years of age at the time of the accident and is considered of normal intelligence and intellectual development. His parents apparently consider him responsible for his age, manifested by their allowing him to own and operate a Kawasaki 80 motorized bike. Moreover, his father had warned him of the dangers connected with a pumping jack and the Court of Appeals specifically found that the minor admitted that he was fully aware of the danger at the time of the accident.

I therefore respectfully dissent and would affirm the ruling of the trial court and would deny certiorari.

I am authorized to state that Chief Justice Hargrave, Justice Lavender, and Justice Doolin join with the views expressed herein.

OPALA, Vice Chief Justice, concurring.

I concur in the court's opinion and write separately to *underscore the enormity* of the defendant's *probative responsibility* as a summary judgment movant in this common-law tort action based on the attractive nuisance theory.

It was *the defendant's burden* to demonstrate that there was *no genuine controversy* over whether the underage plaintiff —a child between the age of 7 and 14 years when injured [1]—possessed a level of human maturity for self-protection which was on a par with adult persons of ordinary prudence. The evidentiary materials before the trial court at the summary judgment stage fall *far* short of demonstrating the minor's adult-like capacity to apprehend danger from the *specific* offending instrumentality by the required clarity of proof— *undisputed evidence that would support but a single positive inference.*

In sum, the underage plaintiff's capacity for the exercise of that degree of due care which is expected of adults with ordinary discretion and prudence stood in a state of factual dispute. The summary judgment for the defendant was hence clearly *improper* and cannot stand.

---

**1.** By the norms of Oklahoma's common law a child over the age of 7 and under the age of 14 is *presumed* to lack adult capacity for the exercise of due care. *The burden is cast on the defendant* to overcome by evidence the law's presumed incapacity. This presumption of incapacity does not apply to children *over* the age of 14; the latter age group is considered on a par with persons of ordinary discretion or prudence. *City of Shawnee v. Cheek,* 41 Okl. 227, 137 P. 724, 732 [1913]; *Ramage Mining Co. v. Thomas,* 172 Okl. 24, 44 P.2d 19, 23 [1935]; *Keck v. Woodring,* 201 Okl. 665, 208 P.2d 1133, 1135 [1949]; *McClelland v. Kothe,* 770 P.2d 569, [1989]; see also, 21 O.S.1981 § 152(1) and *Collier v. Stamatis,* 63 Ariz. 285, 162 P.2d 125, 127–128 [1945].