2001 OK CIV APP 46

**Jeremy Michael TEEL, Plaintiff/Appellant,**

v.

**Richard WARREN, III, and Alpha Tau Omega, Inc., Defendants,**

and

**Delta Kappa Chapter of Alpha Tau Omega, Defendant/Appellee.**

**No. 95542.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 23, 2001.

Stanley M. Ward, Norman, Woodrow K. Glass, Thad H. Balkman, Stanley M. Ward Law Offices, Norman, OK, for Plaintiff/Appellant.

Arthur F. Hoge, III, Brinda K. White, Oklahoma City, Mee, Mee & Hoge, PLLP, Oklahoma City, OK, for Defendant/Appellee.

OPINION

ADAMS, P.J.:

¶1 Jeremy Teel claims he was assaulted by Defendant Richard Warren, who was a student at the University of Oklahoma and a pledge of Delta Kappa Chapter of Alpha Tau Omega (Chapter). Alpha Tau Omega, Inc. (ATO) is the national fraternity of which Chapter is a part.

¶2 According to Teel, this assault occurred in part because Warren was intoxicated as a result of alcohol consumed at a party at Chapter's house. Teel sued Warren, Chap-

ter and ATO for damages. He alleged assault against Warren, and claimed Chapter and ATO were liable because they were negligent in failing to properly "orient" Warren on the rules and regulations of the fraternity on alcohol consumption and the rules of the University of Oklahoma concerning the same. Moreover, they claimed a violation of 37 O.S. 1991 § 537 because Warren was not quite 20 years of age at the time of this incident.[1]

¶ 3 ATO and Chapter filed a motion for summary judgment. They contended they had no generalized duty to "orient" Warren or otherwise control the behavior of this adult. Moreover, ATO argued that it had not furnished any alcohol to Warren and provided evidentiary material to support that assertion. Chapter contended it could not be liable for furnishing alcoholic beverages to Warren because under Oklahoma law, the actions of a social host in furnishing alcoholic beverages to a person under age 21 cannot be the proximate cause of injuries inflicted on a third person by the under-age guest as a result of alcohol consumption.

¶ 4 The trial court granted summary judgment to ATO and ruled that Teel's general duty argument was not proper under Oklahoma law.[2] In addition, the trial court concluded that fact questions existed concerning whether Chapter could be liable for furnishing alcoholic beverages to Teel and whether those alleged actions were the proximate cause of Teel's alleged injuries. Chapter asked the trial court to reconsider its ruling on that question, and the trial court did so. Ultimately, the trial court granted summary judgment to Chapter as well, concluding that any action in violation of § 357 could not be considered the proximate cause of Teel's injuries. Subsequently, Warren made an offer to allow judgment to be taken against him, the offer was accepted, and the trial court entered an order granting that judgment.

This resolved the final outstanding claim in this case, and Teel filed this appeal.

¶ 5 In determining whether summary adjudication was appropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Chapter was entitled to judgment as a matter of law. *Perry v. Green*, 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Teel. *Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company*, 1985 OK 25, 698 P.2d 17.

¶ 6 Teel argues the trial court erroneously concluded that Chapter's alleged violation of § 537 in furnishing or delivering an alcoholic beverage to a person under age 21 could not be the proximate cause of Teel's injuries. According to Teel, the trial court should have extended the liability recognized in *Brigance v. Velvet Dove Restaurant, Inc.*, 1986 OK 41, 725 P.2d 300, to cover a person who "provides, encourages and endorses the use of alcoholic beverages to a known minor in violation of [§ 537(A)(1)]."

¶ 7 *McClelland v. Harvie Kothe–Ed Rieman, Post No. 1201, Veterans of the Foreign Wars of U.S., Inc.*, 1989 OK 33, 770 P.2d 569, established that Oklahoma follows the common law rule that the action of a vendor of alcoholic beverages in illegally providing alcoholic beverages can not be the legal cause of injuries sustained by a third person as a result of the vendee's consumption of the alcoholic beverages, except as that rule had been modified in *Brigance* or its progeny.

---

1. According to § 537(A)(1) no person is to "[k]nowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age."

2. Although Teel listed ATO as an appellee, along with Warren and Chapter, in his Petition in Error, none of his allegations of error relate to the basis upon which the trial court granted ATO's summary judgment motion. Moreover, the trial court's order dated October 23, 2000 in which the trial court granted Chapter's Motion to Reconsider and granted Chapter's Motion for Summary Judgment is the only order indexed in the record prepared by Teel as the "Order ... entering Summary Judgment from which this Appeal is taken." Accordingly, we do not treat this appeal as challenging the judgment in favor of ATO.

Battles v. Cough, *1997 OK CIV APP 62, 947 P.2d 600*, held that the common law causation rule applied with equal force to a social host and prevented imposition of Brigance-*type liability upon the social host in absence of authority from the Oklahoma Supreme Court extending* Brigance *to a scenario involving a social host.*

¶ 8 Those principles dictated the trial court's decision here, as they do ours. Chapter was not a commercial seller of alcoholic beverages. At most, Chapter could only be considered a social host. Until the Oklahoma Supreme Court extends *Brigance*, any ac-tions by Chapter which violated § 537(A)(1) cannot be considered the legal cause of injuries sustained by Teel. The trial court's judgment is affirmed.

¶ 9 AFFIRMED

¶ 10 JONES and JOPLIN, JJ., concur.