## CHICAGO, R. I. & P. RY. CO. v. BAILEY.

No. 22132. Opinion Filed April 26, 1932.

Rehearing Denied May 31, 1932.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Billups & Billups, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of Oklahoma county, recovered by plaintiff, Ollie Bailey, defendant in error, against the Chicago, Rock Island & Pacific Railway Company, for the wrongful death of her intestate son, Clayton Bailey, deceased. The deceased and his brother, Wesley Bailey, both minors, ages 16 and 19, respectively, were riding on a freight train composed of tank cars of crude oil and gasoline, and the car on which said minors were riding was derailed. The plaintiff, suing in her individual capacity, charges in her petition that the defendant operated its train at a high, reckless, dangerous, and grossly negligent rate of speed, in wanton and reckless disregard of the life of her deceased son, who was riding on one of the cars. and, knowing of the perilous position of said deceased, failed to exercise ordinary care to avoid injuring him.

The defendant filed a general denial, and also set forth in its answer that the deceased was a trespasser upon defendant's train, riding without consent or authority and without having paid his fare, in violation of the laws of the state of Oklahoma and the United States government.

Defendant contends that, at the time this action was filed, the issues presented herein had been finally adjudicated in a prior action in the federal court, and that the judgment rendered therein in favor of the defendant is res adjudicata and a bar to plaintiff in this action.

The defendant also contends that it owed the deceased no duty except to abstain from wantonly, willfully, or recklessly injuring him after discovering him upon the train; that there was a total failure on the part of the plaintiff to prove that the deceased was wantonly, willfully, or recklessly injured by defendant to justify the submission of the case to the jury.

It appears that two suits were previously instituted in the district court of Oklahoma county, one being by plaintiff herein, as the guardian of said Wesley Bailey, for damages sustained by said minor as a result of said accident; and the other by said plaintiff, as the administratrix, for the wrongful death of her deceased son, Clayton Bailey, based upon the humane rule that when a person is discovered in a position of peril, ordinary care should be used to prevent an injury to his life or limb. The cases were removed to the federal court, and were consolidated in that court. In the trial, after the plaintiff had rested, defendant interposed a demurrer to the evidence, After this question was argued, the court announced its intention to sustain said demurrer. Counsel for plaintiff then requested leave of the court to dismiss without prejudice, which request was denied. The court sustained the demurrer and rendered judgment in favor of the defendant. The plaintiff never appealed from that judgment.

The defendant, in the discussion of its several assignments of error, urges the following propositions:

"Proposition 1. At the time this action was filed, the issues herein had been finally adjudicated against the plaintiff in a prior action between the same parties and the judgment in the former case had become res adjudicata and was a bar to plaintiff's recovery in this case, and by reason thereof plaintiff is estopped to maintain this action. That being true, the court should have instructed the jury to return a verdict for the defendant. Failing in that, a new trial should have been granted.

"Proposition 2. Admittedly, the deceased was a trespasser on the train of defendant at the time of his death. Defendant owed him no duty, except not to willfully or wantonly injure him after discovering his presence. There is no evidence that defendant, either willfully or wantonly, injured deceased. In view of the absence of such testimony, it was the duty of the trial court to sustain defendant's demurrer to plaintiff's testimony. Failing in that, defendant's motion for a directed verdict should have been granted.

"Proposition 3. The verdict of the jury wholly disregarded the court's instructions. Failure of the court to grant defendant a new trial on account thereof constitutes reversible error."

As we view this record, it is necessary to consider only defendant's second proposition.

The record shows that the trial court improperly considered and ruled upon the question of defendant's demurrer to the evidence. It appears that said Clayton and Wesley Bailey, brothers and sons of said plaintiff, boarded defendant's freight train of oil and gasoline tank cars at Wewoka, Okla., unobserved by defendant's train crew, and that they intended to go to the state of Louisiana. Plaintiff contends that said minors paid the brakeman at the town of Steward the sum of 45 cents for the privilege of remaining on the train, and that after several stops and a change in the train crew, the train stopped at Wilburton, Okla. where they were observed by the conductor, who told the boys they could get on the train, but to stay out of sight.

A review of the testimony shows that the decedent and his brother were trespassers upon the train of the defendant at the time of the derailment of the car which resulted in the death of said decedent, Clayton Bailey, and injuries to said Wesley Bailey.

See Purple v. Union Pacific Railway, 114 Fed. 123. Judge Sanborn, in that case, said:

"One who enters and rides upon a car or train which he knows, or by the exercise of reasonable diligence would know, is prohibited from carrying passengers, is a trespasser, and the only duty the railroad company has toward him is to abstain from wanton or reckless injury to him."

Also, Durce v. Wabash R. Co., 241 Fed. 454; Jenkins v. Davis, Director General of Railroads, 111 Okla. 191, 239 P. 135.

The evidence does not disclose the cause of the derailment, and the fact that the accident did happen raises no presumption of negligence chargeable to the defendant. Nor is there any presumption of any wanton recklessness on the part of the employees of the defendant that caused the derailment. Negligence cannot be presumed. It must be proved like any other question of fact. Insistence is made on the part of the plaintiff that the humanitarian doctrine should be invoked, in that, after the conductor knew that these boys were on the freight train, the defendant company owed the deceased and his brother the duty to use ordinary care and diligence not to injure them. There are no facts and circumstances in the record which justify the

· application of this doctrine, which was attempted to be covered by an instruction founded upon the doctrine of the last clear chance.

There is no testimony that the deceased or his brother was ever found in a perilous position by any of the employees of the defendant, and in the light of the record there was no occasion for the invoking of the doctrine that, if they were discovered in such a position, it was the duty of defendant to exercise ordinary care to prevent injury to them. The fact that they were riding on this train was not sufficient to invoke such doctrine.

It is our conclusion that decedent and his brother were trespassers, and that the defendant owed them no duty except the negative duty not willfully, maliciously, recklessly, or wantonly to injure them, after the defendant was aware of their being on the train. Had the deceased and his brother during their ride on the train been discovered to be in a place of peril by the train crew, then, in that event, this doctrine would be applicable, but there is no evidence of any probative value tending to show that this accident was caused by the willful, wanton, or reckless negligence of the defendant. The defendant breached no duty it owed to the deceased or his brother.

The court should have either sustained the demurrer to plaintiff's evidence or granted defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded to the district court, with directions to enter judgment for the defendant.

LESTER. C. J., and RILEY, HEFNER, SWINDALL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and CULLISON and ANDREWS, JJ., absent.

Note.—See under (1) annotation in 32 L. R. A. (N. S.) 572; 22 R. C. L. 924; R. C. L. Perm. Supp. p. 5269; R. C. L. Pocket Part, title Railroads, § 170.